**COMMONWEALTH of Pennsylvania**

v.

**Keith HOWARD, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 15, 2007.

Decided Aug. 21, 2007.

Keith Howard, appellant, pro se.

Stephen A. Zappala, Jr., District Attorney, Michael W. Streily, Deputy District Attorney, and Sandra Preuhs, Asst. District Attorney, Pittsburgh, for appellee.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Keith Howard appeals *pro se* the order of the Court of Common Pleas of Allegheny County denying his petition for return of property. Howard sought the return of $1,215.00 in currency that was in his possession when he was arrested as a suspect in the killing of two persons found dead in the McKeesport residence Howard shared with one of the victims. The issue on appeal is whether the trial court erred when it denied Howard's motion without holding a hearing.

Howard was arrested in Tarentum, Pennsylvania, as a suspect in the killings. At the time of his arrest, Howard had crack cocaine and $1,215.00 on his person. Following his conviction on two counts of first-degree murder, Howard filed a pro se petition for return of property, and trial counsel filed an addendum to the petition. In the petitions, Howard asserted that the cash was his exclusive, lawful property and not connected with the victims and attached documents showing payments from the Social Security Administration in support of his contention that he had saved the money.

Without holding a hearing, the trial court denied the petition for return of property. In his 1925(b) opinion, the trial judge concluded that Howard had asserted facts sufficient to establish lawful possession of the cash, but denied the petition based on the criminal trial record in which Howard admitted having killed the victims using the gun that was found in his car at the time of arrest. The trial judge cited evidence that Howard worked for one of the victims and was paid in crack cocaine and that Howard had threatened to kill his employer to take over his cocaine operation. The trial judge concluded that the trial record demonstrated by a preponderance of the evidence that Howard broke

into the victim's room to steal money and drugs, both of which were found on him when he was arrested. As a result, the court concluded that the cash was derivative contraband not subject to return.

■ On appeal,[1] Howard argues that the trial court violated his due process and equal protection rights by not holding a hearing as required by Pa. R.Crim. P. 588, that the trial court improperly relieved the Commonwealth of its burden after concluding that Howard established lawful possession of the cash, and that no criminal nexus was established to support the denial of his petition for return of property. Based on the issues raised, our review is limited to whether the trial court committed an error of law. *Commonwealth v. Wintel, Inc.,* 829 A.2d 753 (Pa.Cmwlth. 2003). Our review of such questions in plenary.

Howard filed his motion pursuant to Pa. R.Crim. P. 588 (Rule 588), which states, in pertinent part:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Proceedings for return of property under the criminal rules are civil in form, but quasi-criminal in character. *In re One 1988 Toyota Corolla,* 675 A.2d 1290 (Pa.Cmwlth.1996). Once the moving party meets the initial burden of establishing entitlement to lawful possession of the property, the Commonwealth must prove by a preponderance of evidence that that property is contraband or derivative contraband. *Commonwealth v. Crespo,* 884 A.2d 960 (Pa.Cmwlth.2005).

In response to Howard's argument that the trial court erred by not holding a hearing on his motion, the Commonwealth observes that Rule 588 does not explicitly mandate a hearing and argues that the criminal trial record is adequate to support the denial of the motion. In the alternative, the Commonwealth seeks a remand to the trial court.

Although Rule 588 does not explicitly mandate that the trial court hold a hearing on a motion for return of property, the language of subsection (b) and case law applying the rule contemplate a hearing on such a motion. Our research has identified no case involving the disposition of such a motion without a hearing, and no case in which a court has held that a hearing is required.

■ Courts that have examined the nature of the petitioner's initial burden of establishing entitlement to lawful possession have held that the petitioner cannot rest on a bare allegation of lawful possession in the motion for return of property. Our recent decision in *Commonwealth v. Johnson,* 931 A.2d 781 (Pa.Cmwlth. No. 823 C.D. 2007, filed August 1, 2007), holds that the criminal rules and the case law require that the petitioner allege under

1. Howard appealed the trial court's denial of his petition to Superior Court, which transferred the matter to this Court.

oath that he is entitled to lawful possession of the property in question. In *Johnson,* we recognized that when the property in question is currency, the petitioner's burden is easier to meet, Id. [citing *Commonwealth v. Fontanez,* 559 Pa. 92, 739 A.2d 152 (1999)], but we rejected the argument that a petitioner need not introduce actual testimony to show lawful possession. *See also Commonwealth v. Younge,* 446 Pa.Super. 541, 667 A.2d 739 (1995) (in making initial determination, trial judge must judge credibility of witnesses and weigh testimony);[2] *Commonwealth v. Pomerantz,* 393 Pa.Super. 186, 573 A.2d 1149 (1989) (averment in motion insufficient to sustain burden of proof where motion not offered into evidence); *Commonwealth v. Doranzo,* 365 Pa.Super. 129, 529 A.2d 6 (1987) (return of property improper where petitioner offered no testimony to establish lawful possession). These cases fairly presume that the trial court will hold a hearing on the motion.

A more direct statement of the necessity of a hearing on a motion for return of property is found in *Commonwealth v. Crosby,* 390 Pa.Super. 140, 568 A.2d 233 (1990). In this case, the trial court ordered forfeiture of the appellant's truck as a condition of probation, and the trial court denied appellant's motion for return of property along with his post-sentencing motions. After concluding that the trial court had no authority to order forfeiture as a condition of probation, the Superior Court remanded for the trial court to hold a hearing on appellant's motion.

In this case the appellant has complained about the lack of any procedure being followed to establish that the

property was derivative contraband and subject to forfeiture since the trial court sua sponte ordered it to be forfeited at sentencing. In fact, although appellant's Motion for Return of Property was denied, no evidentiary hearing was held in spite of the fact that Pa. R.Crim.P. [588] provides that "the judge hearing such motion [for return of property] shall receive evidence on any issue of fact necessary to the decision thereon." ... the case should be remanded for a hearing for the Commonwealth to establish by a preponderance of the evidence that the vehicle is derivative contraband.

568 A.2d at 241.

In the present case, the addendum to Howard's motion alleged that Howard had saved the money, and attached was a document intended to show that the money was received from the Social Security Administration. Despite the trial court's acceptance of Howard's allegation of lawful ownership as having satisfied his initial burden,[3] the court concluded that the criminal trial record supported a conclusion that the money was stolen from one of the victims and was, therefore, derivative contraband. The trial court may ultimately once again find the trial evidence to be more credible and persuasive than that which Howard now seeks to present. However, we believe that both the language of Rule 588 and the caselaw interpreting it mandate that resolution of disputed facts await presentation of evidence at a hearing, and we so hold.

Accordingly, the order of the trial court is vacated, and this matter is remanded for a hearing on Howard's motion.

---

**2.** In *Younge,* the court also held that when the property in question is currency, and the petitioner offers evidence of entitlement to lawful possess or ownership, the burden shifts to the Commonwealth to rebut petitioner's claim with evidence relevant to the right to lawful possession or risk defeat on the issue. 667 A.2d at 746.

**3.** The Commonwealth did not respond to Howard's motion.

## ORDER

AND NOW, this 21st day of August, 2007, the order of the Court of Common Pleas of Allegheny County in the above captioned matter is hereby VACATED, and this matter is REMANDED to the trial court for a hearing consistent with this opinion.

Jurisdiction is relinquished.