**COMMONWEALTH of Pennsylvania**

v.

**Thomas MATSINGER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 2013.

Decided June 18, 2013.

Thomas Matsinger, pro se.

Jonathan M. Levy, Assistant District Attorney, Philadelphia, for appellee.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge and COVEY, Judge.

OPINION BY Judge COVEY.

Thomas Matsinger (Matsinger), pro se, appeals from the Philadelphia County Common Pleas Court's (trial court) January 11, 2012 order granting the Commonwealth of Pennsylvania's motion to dismiss, and denying Matsinger's petition for return of property (Petition). There are two issues for this Court's review: (1) whether Matsinger has waived all issues on appeal for failing to comply with Pennsylvania Rule of Appellate Procedure 1925(b); and

(2) whether the trial court properly concluded that this matter is moot.[1] We vacate the trial court's order and remand for an evidentiary hearing.

On July 20, 2009, the Philadelphia Police Department executed a search warrant at Matsinger's home in connection with the theft of a television from an electronics store. During the search, officers seized a flat-screen television and Matsinger was arrested and charged with theft. Within a month of Matsinger's arrest, a Philadelphia police detective allegedly returned the television to the electronics store from which it had allegedly been taken. In February 2010, the trial court dismissed the criminal charges against Matsinger. Approximately one year later, by February 4, 2011 order, the trial court directed that Matsinger's arrest record be expunged, and further directed the Philadelphia Police Department to "destroy or deliver to [Matsinger] all ... personnel [sic] property pertaining to the charges ... which result from the arrest of Thomas Matsinger." Trial Ct. Order, February 4, 2011.

On November 5, 2010, Matsinger filed his Petition pursuant to Pennsylvania Rule of Criminal Procedure 588, seeking return of his television.[2] The Commonwealth informed Matsinger by certified letter that it no longer possessed the television. The Commonwealth also filed a motion to dismiss the Petition on the grounds that it was moot. On January 11, 2012, the trial court, without holding a hearing, granted the Commonwealth's motion to dismiss and denied Matsinger's Petition. On February 13, 2012, Matsinger appealed to this Court.

In response to issues raised regarding the timeliness of Matsinger's appeal, this Court, on September 12, 2012, remanded the record to the trial court for a determination as to whether Matsinger was entitled to pursue his appeal *nunc pro tunc*. On September 27, 2012, the trial court entered an order permitting Matsinger to proceed with his appeal *nunc pro tunc*. The next day, the trial court ordered:

> AND NOW, this 28 day of SEPT. 2012, appellant is hereby directed, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, **to file of record and serve on the trial judge** a concise statement of the errors complained of on the appeal, no later than 21 days after the entry of this Order.
>
> Failure to comply with this directive may be considered by the Appellate Court as a waiver of all objections to any order, ruling or other matters complained of on appeal.

Trial Ct. Order (1925(b) Order), September 28, 2012 (emphasis added). In its 1925(a) Opinion, the trial court stated:

> On September 28, 2012, this court directed the appellant to file a concise statement of errors complained of on appeal (hereinafter "Statement") within 21 days. At the appellant's request he was granted an extension of time on October 15, 2012 with the new compliance deadline being October 30, 2012. As of the filing of this Opinion, no Statement has been received.

---

1. Matsinger raised four additional issues for this Court's review. However, given our disposition of this matter, we need not address them.

2. Pennsylvania Rule of Criminal Procedure 588(A) states in relevant part:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

. . . .

[B]ecause the appellant has failed to comply with this court's order directing him to file and serve such a Statement, he has waived all issues on appeal.

Trial Ct. Op., November 13, 2012, at 2–3.

Importantly, the certified record **does** include Matsinger's statement of errors complained of on appeal (1925(b) Statement), evidencing that it was filed with the trial court's Criminal Appeals Unit (Appeals Unit) time-stamp dated October 25, 2012, thereby demonstrating that the 1925(b) Statement was timely filed.[3] The certified record also contains Matsinger's 1925(b) Statement's certificate of service, dated October 12, 2012, which states that the 1925(b) Statement was served by mail on the trial judge. The 1925(b) Statement and certificate of service appears to have been folded and mailed in a No. 10 (4 1/8 × 9 1/2) business envelope as evidenced by the three evenly spaced creases on the papers and the seven other No. 10 (4 1/8 × 9 1/2) business envelopes addressed to the trial court from Matsinger and one to this Court from Matsinger contained in the certified record. On the back of the certificate of service, at the top of the document, is a handwritten note which reads:

"Please forward

TO Judge Frank Palumbo

Suite 1217

Thank you."

Pennsylvania Rule of Appellate Procedure 1925(b)—**Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**—sets forth the 1925(b) statement requirements. Subsection (3) of that section provides:

*Contents of order.*—The judge's order directing the filing and service of a Statement **shall specify:**

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement **shall be served on the judge pursuant to paragraph (b)(1);** [4]

---

3. At the time of the filing, Matsinger was incarcerated at SCI–Rockview.

4. Pennsylvania Rule of Appellate Procedure 1925(b)(1) describes the method for filing and service of a 1925(b) statement. That section provides:

> *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pennsylvania Rule of Appellate Procedure 121(a) states:

> **Filing.** Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary. Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing. If an application under these rules requests relief which may be granted by a single judge, a judge in extraordinary circumstances may permit the application and any related papers to be filed with that judge. In that event the judge shall note thereon the date of filing and shall thereafter transmit such papers to the clerk.

> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox,

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added). Although the trial court's 1925(b) Order requires that the 1925(b) Statement be served upon the trial judge, the trial court's 1925(b) Order did not include that it be served "pursuant to paragraph (b)(1)" as mandated by Pa.R.A.P. 1925(b)(3)(iii). Thus, in evaluating Matsinger's compliance with Pa.R.A.P. 1925(b), we must first consider the trial court's 1925(b) Order and the effect of its absence in referencing Pa.R.A.P. 1925(b)(1).

In *Berg v. Nationwide Mutual Insurance Company, Inc.,* 607 Pa. 341, 351, 6 A.3d 1002, 1008 (2010), our Supreme Court concluded that appellants had achieved substantial compliance with a trial judge's order that did not comply with Pa.R.A.P. 1925(b)(3)(iii). There, the appellants filed an appeal from a directed verdict in an insurance action. Pursuant to the trial judge's order requiring the filing of a 1925(b) statement "with the court, and a copy with the trial judge," the appellants personally filed their 1925(b) statement with the common pleas court's prothonotary's office, and requested the location of the judge's chambers in order to personally serve him. *Berg,* 607 Pa. at 351, 6 A.3d at 1008. The prothonotary refused to provide the location of the judge's chambers and instead, assured counsel that he would deliver the filing to the trial judge. However, the prothonotary failed to do so. The trial judge issued a Statement in Lieu of Memorandum Opinion concluding that all appellate issues had been waived because he had not been served a copy of the 1925(b) statement. On appeal, the Superi-

or Court affirmed the trial court's order based upon the appellants' failure to serve the trial court. The appellants then petitioned the Pennsylvania Supreme Court for allowance of appeal, and the petition was granted.

The Supreme Court first noted, "in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Id.* at 350–51, 6 A.3d at 1007–08. Finding the trial court's order defective in that it required a copy of the 1925(b) statement to be filed with the trial court but not served on the trial judge as mandated by Pa.R.A.P. 1925(b)(3)(iii), the Court next considered the appellants' actions in attempting, but failing to explicitly comply with the trial court's order:

> The equitable doctrine of substantial compliance gives a court latitude to overlook a procedural defect that does not prejudice a party's rights.... [W]hile we look for full compliance with the terms of our rules, we provide a limited exception under Pa.R.C.P. [No.] 126 to those who commit a misstep when attempting to do what any particular rule requires.

*Id.* at 351, 6 A.3d at 1008 (citation and quotation marks omitted). The Court concluded that given the inconsistency between the trial court's 1925(b) order and the Pa.R.A.P. 1925(b)(3)(iii) requirements, and the steps taken by the appellants, the appellants had substantially complied with the trial judge's order, and the appeal should not have been dismissed. The Supreme Court stated:

as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner de-

posited the *pro se* filing with the prison authorities.

We recognize that, although [the trial judge's] order did not instruct Appellants to serve a copy of their Rule 1925(b) Statement on the trial judge, his order did reference Pa.R.A.P. 1925(b), subsection (1) of which provides that an appellant shall 'file of record the Statement and concurrently shall serve the judge.' Pa.R.A.P. 1925(b)(1). We further recognize that Appellants did not concurrently serve the trial judge with their Rule 1925(b) Statement. However, as noted above, it is the trial court's order which triggers Rule 1925 in the first instance, and it was, therefore, reasonable for Appellants to attempt to follow the instructions—to file their 1925(b) Statement with the Court and a copy with the trial judge—set forth in the trial court's order. **Under these circumstances, where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply.**

. . . .

While we conclude that the specific facts of this case compel a departure from the strict application of waiver contemplated by Rule 1925(b), we note that the case *sub judice* illustrates the importance of the trial court's adherence to the requirements set forth in Pa.R.A.P. 1925(b)(3). Although the amendments to Rule 1925(b) were intended, in part, to address the concerns of the bar raised by cases in which courts found waiver because a Rule 1925(b) statement was either too vague or so repetitive or voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal, see Pa.R.A.P. 1925 Comment, **compliance by *all* participants, includ-**

**ing the trial court, is required if the amendments and the rule are to serve their purpose.**

*Id.* at 357, 6 A.3d at 1012 (bolded emphasis added).

■ In the instant matter, the trial court's order omitted Pa.R.A.P. 1925(b)(1) to describe the manner of filing and service, as is required by Pa.R.A.P. 1925(b)(3)(iii). Instead, the trial court's order merely required "fil[ing] with the trial court and serv[ice] on the trial judge." Trial Ct. Order, September 28, 2012. Thus, the trial court's failure to comply with Pa.R.A.P. 1925(b)(3)(iii) deprived Matsinger of critical information regarding the proper method for filing and service of his 1925(b) Statement.

■ Although Matsinger may not have directly served the trial court judge in accordance with Pa.R.A.P. 1925(b)(1), his note requesting that his 1925(b) Statement be forwarded to the trial judge clearly demonstrates that he attempted to effectuate service on the trial judge. Given the trial court's non-compliance with Pa.R.A.P. 1925(b)(3)(iii), Matsinger's timely filing of his 1925(b) Statement with the trial court, his inability to personally serve the document due to his incarceration, and his explicit written request that the Appeals Unit forward the document to the trial judge, we conclude Matsinger substantially complied with the trial court's directive. "Under these circumstances, where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." *Berg,* 607 Pa. at 357, 6 A.3d at 1012. Therefore, we proceed to the merits of Matsinger's appeal.[5]

---

**5.** "This Court's review of [a] trial court's decision on a petition for the return of property is limited to examining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed er-

Matsinger argues in his Petition that the trial court erred in dismissing his action and that the Commonwealth is required to return his television. He asserts that there is no proof that the Commonwealth no longer possesses the television. He further contends that the Commonwealth mishandled his property, and if the television is no longer in the Commonwealth's possession, he should be reimbursed its value. The Commonwealth responds that because it no longer possesses the property, the Petition is moot and, therefore, the trial court properly dismissed the action.

Pennsylvania Rule of Criminal Procedure 588(B) provides that:

> The judge hearing [a motion for return of property] **shall receive evidence on any issue of fact necessary to the decision thereon.** If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(Emphasis added).

█ It is true that where the Commonwealth is no longer in possession of property, a petition filed for the return of that property is moot. *See Commonwealth v. One 1978 Lincoln Mark V.,* 52 Pa.Cmwlth. 353, 415 A.2d 1000 (1980) (*One 1978 Lincoln*). However, in the instant action, the Commonwealth simply asserted in its motion, without any supporting evidence, that the television was returned to the store from which it had been allegedly taken, and that the Commonwealth no longer possessed the television. Because no hearing was held, the trial court made no finding as to these disputed facts.

This Court has recognized the importance of an evidentiary hearing when considering a petition for return of property.

In *Commonwealth v. Howard,* 931 A.2d 129 (Pa.Cmwlth.2007), this Court stated:

> Although Rule 588 does not explicitly mandate that the trial court hold a hearing on a motion for return of property, the language of subsection ([B]) and case law applying the rule contemplate a hearing on such a motion. Our research has identified no case involving the disposition of such a motion without a hearing, and no case in which a court has held that a hearing is required.
>
> Courts that have examined the nature of the petitioner's initial burden of establishing entitlement to lawful possession have held that the petitioner cannot rest on a bare allegation of lawful possession in the motion for return of property.
>
> . . . .
>
> **[B]oth the language of Rule 588 and the caselaw interpreting it mandate that resolution of disputed facts await presentation of evidence at a hearing** . . . .

*Howard,* 931 A.2d at 131–32 (emphasis added, footnote omitted).

█ In the instant action, based solely on the Commonwealth's unsubstantiated assertions that it returned the television to the store from which it was allegedly taken, and that it no longer possessed the property, the trial court dismissed the matter. As a result of this ruling, Matsinger had no opportunity to respond let alone present his case.

Although the precedent of *United States v. Albinson,* 356 F.3d 278 (3d Cir.2004) is of persuasive value only, it is instructive. Albinson, in accordance with Federal Rule of Criminal Procedure 41(g), filed a motion with the United States District Court (District Court) seeking return of property seized pursuant to a search warrant. In response to the motion, the government

ror of law." *Commonwealth v. Wintel, Inc.,*   829 A.2d 753, 756 n. 8 (Pa.Cmwlth.2003).

asserted that the items Albinson wanted returned had either been acquired by third parties or destroyed. The District Court, without conducting an evidentiary hearing, dismissed Albinson's motion based upon the government's unsupported representation that it no longer possessed the property. On appeal, the United States Court of Appeals for The Third Circuit reversed and remanded, holding "that 'the government must do more than state, without documentary support, that it no longer possesses the property at issue.'" *Albinson*, 356 F.3d at 283–84 (quoting *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir.1999)). Stressing the benefits of an evidentiary hearing, the Third Circuit Court of Appeals stated:

> An evidentiary inquiry ensures that a district court has sufficient information to decide a Rule 41(g) motion. At the same time, it provides an opportunity for a Rule 41(g) petitioner to demand the government return property to which he is rightfully entitled. This inquiry assists an aggrieved party in identifying and recovering property seized in the course of a criminal investigation. As the District Court correctly recognized, an evidentiary hearing potentially offers certain beneficial effects. For example, a hearing might spark a government investigation that results in the discovery or recovery of property the government initially thought to be lost or destroyed. Alternatively, an evidentiary hearing might result in the government being able to prove that the property was owned by the government, and therefore not subject to return. In either case, the prospect of a hearing provides an incentive for the government to retain accurate records of seized property, consistent with its regulatory obligations.

*Albinson*, 356 F.3d at 282–83 (citations and quotation marks omitted).

■ We find this rationale compelling. Thus, consistent with this Court's decision in *Howard*, we hold that where the Commonwealth responds to a motion for return of property with no evidence beyond an unsubstantiated assertion that it no longer possesses the property, an evidentiary hearing must be held, and the Commonwealth must provide evidence at the hearing to establish the status of the property. Because the trial court failed to hold an evidentiary hearing and make factual findings regarding the status of the television, we vacate the trial court's order and remand the matter to the trial court to conduct an evidentiary hearing in accordance with this opinion.

■ If the trial court determines that the Commonwealth still possesses the television, the Commonwealth's motion must be denied and the trial court is to consider the Petition on its merits. "Under [Pennsylvania Rule of Criminal Procedure 588(A) ], on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. Once the moving party provides sufficient proof, the burden shifts to the Commonwealth to resist the return of property by proving the property is contraband." *Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa.Cmwlth.2007). Thus, Matsinger would be required to "establish by a preponderance of the evidence entitlement to lawful possession. [If Matsinger] provides sufficient proof, the burden shifts to the Commonwealth to resist the return of property by proving the property is contraband." *Id.*

If, however, the trial court finds that the Commonwealth no longer possesses the television, then "[t]he rem which is the subject of the instant action is no longer before [it] and the appeal is moot." *One*

*1978 Lincoln,* 415 A.2d at 1001.[6,7]

For the above-stated reasons, we vacate the trial court's order and remand this matter for an evidentiary hearing consistent with this opinion.

### ORDER

AND NOW, this 18th day of June, 2013, the Philadelphia County Common Pleas Court's January 11, 2012 order is vacated and this matter is remanded for an evidentiary hearing consistent with this opinion.

Jurisdiction is relinquished.

**6.** Although the *One 1978 Lincoln* case involved a forfeiture action rather than a petition for return of property, this Court has recognized that:

> a proceeding for return of property under Pennsylvania Rule of Criminal Procedure 588 is simply a 'mirror image' of a forfeiture action under the [Controlled Substances Forfeitures Act, 42 Pa.C.S. §§ 6801–6802]. Like a civil forfeiture proceeding, a motion for the return of property is an *in rem* action in which a claimant is not in danger of a loss of personal liberty should he be unsuccessful at trial.

*Boniella v. Commonwealth,* 958 A.2d 1069, 1073 (Pa.Cmwlth.2008) (citation and quotation marks omitted).

**7.** We do not hold that where the Commonwealth has improperly damaged or disposed of property in its possession, there is no recourse for the rightful owner. This Court has held that sovereign immunity does not bar actions in negligence and assumpsit where property is damaged or lost. *See Williams v. Stickman,* 917 A.2d 915 (Pa.Cmwlth.2007).