J-A35026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN FORD, | |
| Appellant | No. 166 WDA 2014 |

Appeal from the Order entered January 6, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001455-2013

BEFORE:  BENDER, P.J.E., BOWES and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                  **FILED JANUARY 14, 2015**

Glenn Ford ("Appellant") appeals from the trial court's order denying his motion for return of property, in which he sought the return of a Pontiac minivan and $62.00.

The trial court explained:

On August 26, 2013, [Appellant] pled *nolo contendere* to robbery and was sentenced to a term of imprisonment of not less than 11½ nor more than 23 months' imprisonment.

\*\*\*

At the time of his plea, [Appellant] stipulated to the content of the affidavit of probable cause filed in support of the criminal complaint filed in this case.  The affidavit stated that [Appellant] was identified by the clerk of a CoGo's convenience store as the person who robbed the store in the early morning hours of January 11, 2013.  According to the clerk, [Appellant] entered the store and approached the clerk.  [Appellant] punched the clerk in the face and grabbed cash from the cash register.  [Appellant] then left the store and fled the scene in a dark colored minivan.  [Appellant] was apprehended not far from

the scene of the robbery driving a minivan fitting the description provided by another witness who observed [Appellant] flee the scene.

After arresting [Appellant] in his minivan, cash in the amount of $235.00 was found in the minivan and additional cash in the amount of $62.00 was seized from [Appellant's] person. Police officers requested that McGann and Chester towing service tow [Appellant's] vehicle from the scene. The van was stored at McGann and Chester's facility. After imposing sentence in this case, this Court, by written order, ordered the forfeiture of the $235.00 found in the van. This amount was consistent with the amount stolen during the robbery.

Trial Court Opinion, 7/29/14, at 1-2.

On September 20, 2013, Appellant filed a *pro se* "motion for return of property pursuant to Pa.R.Crim.P. 588 ('money') ('van')". The Commonwealth filed a response on October 4, 2013, and by operation of law on January 6, 2014, the trial court denied Appellant's motion. Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents one issue:

DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] MOTION FOR RETURN OF PROPERTY WITH RESPECT TO $62.00 AND A PONTIAC MINIVAN THAT POLICE SEIZED AT THE TIME OF [APPELLANT'S] ARREST, WHERE THE COURT FAILED TO HOLD A HEARING TO DETERMINE WHETHER THE COMMONWEALTH, FOLLOWING A SHOWING THAT [APPELLANT] WAS LAWFULLY ENTITLED TO THE PROPERTY IN QUESTION, COULD ESTABLISH THIS PROPERTY WAS CONTRABAND OR DERIVATIVE CONTRABAND SUBJECT TO FORFEITURE?

Appellant's Brief at 5.

We initially recognize that an appellate court's review of a trial court's decision on petition for return of property is limited to examining whether findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed error of law. ***Commonwealth v. Wintel, Inc.***, 829 A.2d 753 (Pa. Cmwlth. 2003).

Regarding the Pontiac minivan, we agree with the Commonwealth that Appellant's claim is moot. ***Commonwealth v. Matsinger***, 68 A.3d 390 (Pa. Cmwlth. 2013) (where the Commonwealth is not in possession of the property, a petition for the return of the property is moot). ***See also In re Duran***, 769 A.2d 497 (Pa. Super. 2001) (If events occur to eliminate the claim or controversy at any stage of the process, the case becomes moot.).

The trial court explained:

> With respect to [Appellant's] van, the Commonwealth never sought to forfeit the vehicle. The language of the forfeiture order does not include the van. As explained during plea proceedings, the Commonwealth did not consider the van to be evidence or contraband in this case. [Appellant] was arrested in the van and police officers had the van towed from the scene pursuant to standard police protocol. In a typical circumstance, [Appellant] could have retrieved his van at any time. However, this Court recognizes that [Appellant] was incarcerated upon his arrest. His incarceration would not have, however, prevented someone acting on his behalf from retrieving the van. With absolutely no influence from the Commonwealth, McGann and Chester sold the van after nobody claimed it. As the Commonwealth points out in its response to [Appellant's] motion, [Appellant] could have pursued a civil action against McGann and Chester. The Commonwealth exerted no influence to deprive [Appellant] of this property.

Trial Court Opinion, 7/29/14, at 3-4.

- 3 -

Although the trial court did not hold an evidentiary hearing pursuant to Pa.R.Crim.P. 588, the Commonwealth correctly observes that there is evidence of record that the minivan had been sold. Commonwealth Brief at 13-14; Pretrial Motions, Nolo Contendere Plea and Sentencing N.T., 8/26/13, at 3; 6-7. Our review confirms the following:

> THE COURT: What happened to your van? Did you find it?
>
> [APPELLANT]: No, they sold it. I was in jail. …

N.T., 8/26/13, at 3.

> THE COURT: Counsel, where is the van? Have you found the van?
>
> [COMMONWEALTH]: The van has been sold by McGann & Chester.

N.T., 8/26/13, at 6-7.

Given the foregoing, remand for a hearing regarding the minivan is unnecessary and would be senseless.

As to the $62.00, the Commonwealth agrees with Appellant that the trial court erred in failing to hold an evidentiary hearing on Appellant's motion for return of property relative to the $62.00. **See** Commonwealth Brief at 10, 15; Appellant's Brief at 13. The Commonwealth concedes that "it may be necessary to remand the matter so that a hearing on the motion can be held" because "no hearing was held in the trial court" in contravention of Pa.R.Crim.P. 588. Commonwealth Brief at 7.

Upon review, we agree with the parties that Appellant is entitled to a hearing regarding his claim for $62.00. Accordingly, we vacate the January 6, 2014 order as to the $62.00 and remand for a hearing consistent with this Memorandum.

Order vacated in part and affirmed in part. Case remanded for a hearing regarding Appellant's claim for $62.00. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2015