IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Anthony Robinson,   :
     Appellant :
          :
  v.       : No. 631 C.D. 2020
          : Submitted: December 4, 2020
Officer Roundtree, Sergeant Book, :
and Jane Doe     :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge[1]
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT      FILED: July 22, 2021


    Mark Anthony Robinson, *pro se*, appeals an order of the Court of Common Pleas of Chester County (trial court) dismissing his complaint against Officer Roundtree, Sergeant Book, and Jane Doe (collectively, Prison Employees) for violating his constitutional rights. Pursuant to Pennsylvania Rule of Civil Procedure No. 240(j)(1),[2] the trial court, *sua sponte*, dismissed the complaint as frivolous. Robinson asserts that the trial court erred in dismissing his complaint. Prison Employees have filed a motion to quash Robinson's appeal for the stated

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] It states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

PA. R.C.P. No. 240(j)(1).

reason that he did not serve his statement of errors complained of on appeal upon the trial court judge and, thus, waived all issues on appeal. We deny the motion to quash, reverse the trial court's order dismissing Robinson's complaint, and remand for further proceedings.

On September 4, 2019, Robinson filed a Section 1983 civil rights complaint, 42 U.S.C. §1983, and a petition to proceed *in forma pauperis* with the trial court. The complaint alleged that Prison Employees violated his civil rights by placing him in a restricted housing unit after he placed paper over a window to obstruct the view of a female corrections officer into his cell, as a matter of decency. Complaint, ¶¶1, 8, 11-13, 30, 42-44. Officer Roundtree asked Robinson to remove the paper from his cell window and made offensive comments to him. *Id*. ¶¶12-14. In response, Robinson asked to speak with her supervisor so he could file a complaint against her. *Id*. ¶¶15-16. Officer Roundtree's supervisor escorted Robinson to the restricted housing unit. *Id*. ¶20. Officer Roundtree issued a misconduct report against Robinson in retaliation for his attempt to enforce his first amendment right to freedom of speech and "the right to complain" and did so without providing due process. *Id*. ¶21. The complaint alleged that the misconduct report defamed him, intentionally caused him emotional distress, and adversely affected his parole status. *Id*. ¶¶11, 45-46. The complaint sought money damages and other relief as the court deems appropriate.

On October 11, 2019, the trial court dismissed the complaint under PA. R.C.P. No. 240(j). Its order explained the decision as follows:

> Pa. R.C.P. [No.] 240(j) permits the court to dismiss an action commenced simultaneously with a request to proceed *in forma pauperis* if satisfied that the action is frivolous. Frivolous has been defined as an action that lacks an arguable basis either in law or fact. The factual averments set forth in the [c]omplaint do

2

not set forth a cognizable claim in this [c]ourt. [Robinson] is bringing a cause of action pursuant to 42 U.S.C. §1983 for civil rights violations against [Prison Employees] acting in both their official and individual capacities. As such, this action must be commenced in the Federal Court or the Commonwealth Court because [Prison Employees] are employed by the Commonwealth.

Trial Court Order, 10/11/2019, n.1. The trial court mailed its order to Robinson, but its receipt was delayed. On January 9, 2020, Robinson filed a *nunc pro tunc* appeal with the Superior Court and an application to proceed *in forma pauperis*.

On February 26, 2020, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), the trial court ordered Robinson to file a concise statement of errors complained of on appeal within 21 days. PA. R.A.P. 1925(b).[3]

_____

[3] It states, in relevant part, as follows:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service. The appellant shall file of record the Statement and concurrently shall serve the judge*. Filing of record shall be as provided in Pa. R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa. R.A.P. 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa. R.A.P. 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for

3

On March 13, 2020, Robinson filed his Rule 1925(b) statement and a proof of service, stating that it was mailed to the trial court's Prothonotary. Proof of Service, 3/11/2020. The caption on the proof of service contained the name "The Honorable Judge William P. Mahon" under the docket number. *Id.*

On March 23, 2020, the trial court issued an order in lieu of a Rule 1925(a) opinion. *See* PA. R.A.P. 1925(a).[4] Therein, the trial court stated that Robinson's appeal should be quashed because Robinson had failed to serve his Rule 1925(b) statement on the trial court judge, thereby waiving all issues. Trial Court Order, 3/23/2020, at 1-2.

---

the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

\*\*\*

PA. R.A.P. 1925(b).

[4] It states, in relevant part, as follows:

*General rule.* Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa. R.A.P. 1931(a)(1) file of record *at least a brief opinion of the reasons for the order*, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found[.]

PA. R.A.P. 1925(a)(1) (emphasis added).

4

On March 26, 2020, Robinson filed a *Nunc Pro Tunc* Rule 1925(b) Statement. Therein, Robinson alleged that coronavirus and social distancing protocols established by the Department of Corrections had interfered with his ability to gain access to the prison's law library; as a result, he could not conduct "adequate research of PA. R.A.P. 1925 and its subchapters." *Nunc Pro Tunc* Statement of Errors Complained of on Appeal ¶4. The attached proof of service lists the "Honorable Judge William P. Mahon" and the prothonotary for the Superior Court. Proof of Service, 3/26/2020. The trial court received Robinson's *Nunc Pro Tunc* Rule 1925(b) Statement on April 2, 2020. On April 7, 2020, the trial court denied Robinson's request for *nunc pro tunc* relief for the stated reason that Robinson had "failed to plead and prove any facts" to show "a breakdown in the prison or Court systems." Trial Court Order, 4/7/2020, at n.1. On April 20, 2020, the Superior Court transferred Robinson's appeal to this Court.

On July 27, 2020, this Court issued an order directing the parties to address whether Robinson timely complied with the trial court's order to file a Rule 1925(b) statement. This Court's order authorized the parties to address the question either in their briefs on the merits of Robinson's appeal or in an appropriate motion. Prison Employees subsequently filed a motion to quash Robinson's appeal, asserting that Robinson's failure to serve his Rule 1925(b) statement upon the trial court judge has resulted in a waiver of all issues on appeal. Prison Employees' Motion to Quash ¶¶8-9.

We begin with Prison Employees' motion to quash. Our Supreme Court requires strict adherence to the requirement that an appellant timely comply with a trial court's order to file a Rule 1925(b) statement. *Commonwealth v. Castillo*,

5

888 A.2d 775, 780 (Pa. 2005). It is the trial court's order that triggers an appellant's obligation under PA. R.A.P. 1925(b).

In *Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002, 1003 (Pa. 2010) (plurality opinion), our Supreme Court considered whether "an appellant's failure to personally serve on a trial judge a court-ordered statement of errors complained of on appeal, in accordance with PA. R.A.P. 1925, results in waiver of all issues, when the court's order itself does not comply with Rule 1925." There, the lower court had ordered the appellants "to file [the Rule 1925(b) statement] with the [c]ourt and a copy with the trial judge," but it did not instruct appellants to "serve" a copy of the statement on the trial judge as required by PA. R.A.P. 1925(b). *Berg*, 6 A.3d at 1008. Because the appellants provided the prothonotary with the original and one copy of their Rule 1925(b) statement, *i.e.*, the copy for the trial judge, our Supreme Court held that appellants had substantially complied with the lower court's order. *Berg*, 6 A.3d at 1008.[5] Accordingly, the Supreme Court reversed the ruling of the Superior Court that the appellants had waived all issues on appeal.

Here, the trial court's Rule 1925(b) order stated as follows:

**AND NOW**, this 26th day of February, 2020, it is hereby ORDERED that pursuant to Pa. R.A.P. 1925(b), [] Robinson [at the state correctional institution in Coal Township] is hereby **ORDERED** to file of record *and serve upon the undersigned*, a concise statement ("Statement") of the errors complained of on appeal in the above captioned matter. *The Statement must be*

---

[5] *Berg* concerned an earlier version of PA. R.A.P. 1925. *See Berg*, 6 A.3d at 1006 n.7 (explaining that the rule was substantially amended in 2007 and again in 2009). Nevertheless, the *Berg* standard still determines whether an appellant has complied with a court's order to file a Rule 1925(b) statement. *See Mojica v. SCI-Mahanoy Security*, 224 A.3d 811 (Pa. Cmwlth. 2020); *Commonwealth v. Matsinger*, 68 A.3d 390 (Pa. Cmwlth. 2013); *Commonwealth v. Jones*, 193 A.3d 957 (Pa. Super. 2018).

*filed of record. The Statement must be served upon the undersigned pursuant to Pa.[ ]R.A.P. [] 1925(b)(1). The Statement must be filed and served no later than twenty-one (21) days from the date of entry on the docket of this Order. Any issue not properly included in the Statement timely filed and served pursuant to Pa.[ ]R.A.P. [ ]1925(b) shall be deemed waived. Attention is directed to Pa.[ ]R.A.P. [] 1925(b)(4) which sets forth requirements for the Statement.*

Trial Court Order, 2/26/2020, at 1 (bold in original and emphasis added). Because the order explicitly required service upon the trial court judge, the order does not suffer from the deficiency identified by the Supreme Court in *Berg*.

Robinson's proof of service shows that he timely mailed "correct copies" of the Rule 1925(b) statement to the trial court prothonotary. Proof of Service, 3/11/2020. However, Prison Employees argue that this filing did not effect service on the trial court judge.

Rule 1925(b) provides, in relevant part:

The appellant shall file of record the Statement and concurrently shall serve the judge. . . . Service on the judge *shall be at the location specified in the order*, and shall be either in person, by mail, or by *any other means specified in the order*[.]

PA. R.A.P. 1925(b)(1) (emphasis added). Rule 1925(b) also specifies the information that must be provided with respect to service on the judge; it states:

(3) *Contents of order.* The *judge's order* directing the filing and service of a Statement *shall specify*:

\*\*\*

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) *and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement*. In addition, the judge may provide an

7

> email, facsimile, or other alternative means for the
> appellant to serve the Statement on the judge[.]

PA. R.A.P. 1925(b)(3)(iii) (emphasis in original and added).  In sum, the trial court's order must specify either the place where the appellant can personally serve the judge or the address the appellant can use to serve the judge by mail.

In *Commonwealth v. Matsinger*, 68 A.3d 390 (Pa. Cmwlth. 2013), the appellant had included a note with his Rule 1925(b) statement requesting that it be forwarded to the judge.  We concluded that this sufficed because the trial court's order did not give the appellant the "critical information regarding the proper method for filing and service" of his Rule 1925(b) statement.  *Matsinger*, 68 A.3d at 395.  Accordingly, this Court did not apply waiver.

Likewise, here, the trial court's order required Robinson to serve the Rule 1925(b) statement upon the trial court judge, but the order did not provide critical information on how Robinson was to effect this service.  Robinson attempted to effect meaningful service by noting the judge's name, *i.e.*, "The Honorable Judge William P. Mahon,"[6] in the captions of his proof of service and his Rule 1925(b) statement that he filed with the prothonotary.  Proof of Service, 3/11/2020.  We conclude that Robinson has substantially complied with the trial court's order directing him to "file of record and serve upon the [judge]" a Rule 1925(b) statement. Trial Court Order, 2/26/2020, at 1; *Matsinger*, 68 A.3d at 395.  Accordingly, we will deny Prison Employees' motion to quash Robinson's appeal and review the merits of Robinson's appeal.

Robinson has raised one issue in his Rule 1925(b) statement, *i.e.*, that the trial court erred when it dismissed his complaint for lack of jurisdiction.  The

---

[6] The trial court judge's name did not appear in the caption used by the trial court; thus, Robinson added it to his filings.

8

trial court held that Robinson's civil rights action had to be filed in a federal court or in this Court because state employees were the named defendants. Robinson contends that the trial court had jurisdiction because of the prison's location in Chester County.

Prison Employees agree with Robinson that the trial court erred in its holding that it lacked jurisdiction over Robinson's civil rights complaint. However, they point out that the trial court dismissed Robinson's complaint for a second reason, namely, that the "[t]he factual averments set forth in the [c]omplaint [did] not set forth a cognizable claim[.]" Trial Court Order, 10/11/2019, n.1. Prison Employees argue that the complaint was properly dismissed because "it fails to state a claim upon which relief can be granted." Prison Employees' Brief at 10. Prison Employees' brief explains in detail that because Robinson's complaint did not plead facts to show a causal connection between his confinement in the restricted housing unit and his litigation efforts, it does not state a constitutional claim.

The trial court's order consisted of one sentence dismissing the complaint. It explained its decision in a footnote, which stated as follows:

> The factual averments set forth in the [c]omplaint do not set forth a cognizable claim *in this* [c]*ourt*. [Robinson] is bringing a cause of action pursuant to 42 U.S.C. §1983 for civil rights violations against [Prison Employees] acting in both their official and individual capacities. As such, this action must be commenced in the Federal Court or the Commonwealth Court because [Prison Employees] are employed by the Commonwealth.

Trial Court Order, 10/11/2019, n.1 (emphasis added). By stating that Robinson's complaint did not set forth a "cognizable claim in this [c]ourt" and identifying two tribunals where the complaint should have been filed, the trial court limited the basis for its decision as lack of jurisdiction.

9

Prison Employees argue the trial court had a second reason for its dismissal, *i.e.,* that the complaint did not "set forth a cognizable claim." Trial Court Order, 10/11/2019, n.1. However, this argument ignores the words "in this [c]ourt" and the remainder of the paragraph, which addresses only jurisdiction.[7] *Id.* The trial court did not explain why Robinson's claims lack an arguable basis in either law or fact. For these reasons, we reject Prison Employees' assertion that the trial court dismissed Robinson's complaint for any reason other than lack of jurisdiction.

Robinson preserved the jurisdiction issue in his Rule 1925(b) Statement, and Prison Employees agree with Robinson that the trial court erred in concluding that it lacked jurisdiction. No further review is required by this Court. Accordingly, we reverse the trial court's order dismissing Robinson's complaint due to lack of jurisdiction and remand this matter to the trial court for further proceedings.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] The trial court's order in lieu of a 1925(a) opinion requested this Court to quash Robinson's appeal for failure to serve his 1925(b) statement upon the judge. The order also states, in conclusory fashion, that "the appeal is *not cognizable[.]*" Trial Court Order, 3/23/2020, at 1 (emphasis added). The trial court offered no explanation or support for this conclusion. Though the trial court offered no explanation, the term "cognizable" is commonly understood to mean "[c]apable of being judicially tried or examined before a designated tribunal; *within the court's jurisdiction*." BLACK'S LAW DICTIONARY 327 (11th ed. 2019) (emphasis added). Moreover, Robinson understood that the trial court cited only one reason for dismissal as he states, "the [trial court's] order . . . *does not contend* the required standard has been met to establish a claim of frivolous." Robinson Brief at 7 (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Anthony Robinson, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 631 C.D. 2020 |
| | : | |
| Officer Roundtree, Sergeant Book, | : | |
| And Jane Doe | : | |

# **O R D E R**

AND NOW, this 22ⁿᵈ day of July, 2021, we deny the motion to quash filed by Officer Roundtree, Sergeant Book, and Jane Doe. We REVERSE the October 11, 2019, order of the Chester County Court of Common Pleas and REMAND this matter for further proceedings.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita