# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                  :   No. 770 C.D. 2022
           v.                      :
                                  :   Submitted:  September 9, 2025
Virgillio Virgo,                    :
             Appellant          :

***OPINION NOT REPORTED***

**MEMORANDUM OPINION**
**PER CURIAM**                                     **FILED:  November 3, 2025**

Virgillio Virgo (Virgo) *pro se* appeals from an order of the Lehigh County Court of Common Pleas (trial court), issued on October 15, 2021, which affirmed the denial of Virgo's application for a license to carry a firearm by the Sheriff of Lehigh County (Sheriff).  In this case, the trial court has opined that Virgo waived all issues because he failed to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)).[1]  Upon review, we decline to find waiver on this basis because the trial court's order directing Virgo's compliance with Rule 1925(b) was deficient. However, we nonetheless find all issues waived due to substantial defects in Virgo's brief, which preclude any meaningful appellate review.

## I. BACKGROUND[2]

On May 10, 2021, Virgo applied for a license to carry a firearm.  The Sheriff denied Virgo's application because he did not pass the Pennsylvania Instant

---

[1] *See* Pa.R.A.P. 1925(b).

[2] Unless stated otherwise, we adopt the factual background for this case from the trial court's hearing and 1925(a) Statement.  *See* Notes of Testimony (N.T.), 10/8/21; Trial Ct. Op., 12/9/21.

Check System (PICS).[3, 4]   Virgo received notice of the denial via certified mail on May 14, 2021.[5]   The notice also explained that Virgo could appeal the denial by completing the accompanying SP4-197 Form[6] and sending it to the Pennsylvania State Police within 30 days.   Virgo did not challenge the results of the PICS investigation but nonetheless filed an appeal with the trial court on July 20, 2021. Following a hearing, the trial court affirmed the Sheriff's decision.

On November 12, 2021, Virgo timely filed a notice of appeal.[7]   In response, on November 16, 2021, the trial court issued an order directing Virgo to

---

[3] The PICS investigation reviews an applicant's criminal history and other relevant information.  Sheriffs are required to:

> (1) investigate the applicant's record of criminal conviction;
> (2) investigate whether or not the applicant is under indictment for or has ever been convicted of a crime punishable by imprisonment exceeding one year;
> (3) investigate whether the applicant's character and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;
> (4) investigate whether the applicant would be precluded from receiving a license under subsection (e)(1) or section 6105(h) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms); and
> (5) conduct a criminal background, juvenile delinquency and mental health check following the procedures set forth in section 6111 (relating to sale or transfer of firearms), receive a unique approval number for that inquiry and record the date and number on the application.

18 Pa.C.S. § 6109(d).

[4] Sheriff Joseph Hanna testified that while PICS generally does not provide a reason for denial, he had personal knowledge that Virgo "had been convicted of crimes that would fall under the enumerated offenses that would generate a denial."  *See* N.T., 10/8/21, at 15-16.

[5] *See* N.T., 10/8/21 at 6-7.

[6] The SP4-197 Form allows individuals to challenge the results of a PICS investigation.  *See* SP4-197 PICS Challenge, https://www.pa.gov/content/dam/copapwp-pagov/en/psp/documents/firearms/firearms-forms/SP4-197%20PICS%20Challenge.pdf   (last visited 10/31/25).

[7] Initially, the appeal was docketed with the Superior Court of Pennsylvania.  *See* Appeal Docket Sheet, 11/24/21, Certified Record (C.R.) at 105 (unpaginated).  Ultimately, the Superior Court transferred Virgo's appeal to this Court.  *See* Sup. Ct. Order, 3/8/22 (citing 42 Pa.C.S. § 705).

file a concise statement of errors within 21 days and further informing Virgo that any issue not raised therein would be deemed waived. *See* Trial Ct. Order, 11/16/21. On November 30, 2021, Virgo filed a document with the handwritten title of "Carry Permit," proffering disjointed assertions about his alleged employment with local law enforcement, application for clemency, and behavioral disorders.[8]

On December 9, 2021, the trial court issued a brief statement asserting that Virgo had failed to comply with its Rule 1925(b) order, instead filed an "undecipherable correspondence," and thus waived all issues on appeal. *See* Trial Ct. Op., 12/9/21 (citing Pa.R.A.P. 1925(b)(4)(vii)).[9]

## II. DISCUSSION[10]

Initially, we consider the trial court's assertion that Virgo failed to comply with its Rule 1925(b) order and, therefore, waived all issues on appeal. Trial court orders directing the filing and service of a concise statement of errors must (1) specify the number of days within which the statement must be served and filed; (2) instruct that the statement be filed of record and served on the issuing judge; (3) provide a mailing address, email address, facsimile, or alternative means for serving

---

[8] The correspondence was accompanied by a letter from Virgo's case manager at Merakey Behavioral Health, verifying negative side effects he experienced from medication he was prescribed while incarcerated. *See* Case Correspondence, 11/30/21. Virgo also attached a letter from the secretary of the Pennsylvania Board of Pardons acknowledging receipt of Virgo's application for clemency. *Id.*

[9] Pa.R.A.P. 1925(b)(4)(vii) provides that, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."

[10] In reviewing trial court orders, our standard of review "is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *See Mojica v. SCI-Mahanoy Security*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

3

the statement on the judge; and (4) inform appellants that any issues not included in the statement shall be deemed waived. *See* Pa.R.A.P. 1925(b)(3).[11]

Our Supreme Court has emphasized the importance of trial courts' adherence to the requirements set forth in Pa.R.A.P. 1925(b)(3) when drafting orders that direct an appellant to file a Rule 1925(b) statement. *See Berg v. Nationwide Mut. Ins. Co., Inc.,* 6 A.3d 1002, 1012 (Pa. 2010) (concluding that compliance by *all* participants, including the trial court, is required if the rule is to serve its purpose). When a trial court's order fails to comply with Rule 1925(b)(3), the waiver provisions of Pa.R.A.P. 1925(b)(4)(vii) do not apply. *Id.* at 1011; *see, e.g., Mojica v. SCI-Mahanoy Security*, 224 A.3d 811, 815 (Pa. Cmwlth. 2020) (declining to quash an appeal when a trial court's order was inconsistent with the requirements of Rule 1925(b)(3)(iv)); *Commonwealth v. Matsinger,* 68 A.3d 390, 395 (Pa. Cmwlth. 2013) (holding that "the trial court's failure to comply with 1925(b)(3)(iii) deprived [appellant] of critical information regarding the proper method for filing and service of his 1925(b) Statement"); *Commonwealth v. Jones,* 193 A.3d 957, 962-63 (Pa.

---

[11] Pa.R.A.P. 1925(b)(3) requires that trial court orders directing the filing and service of a statement must specify all of the following:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
(ii) that the Statement shall be filed of record;
(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

4

Super. 2018) (declining to quash an appeal because the trial court's order violated Rule 1925(b)(3) "in several ways").[12]

Here, the trial court's Rule 1925(b) order did not indicate that the concise statement of errors must be filed of record, and did not provide an address, email, facsimile, or other alternative means to serve the statement on the undersigned judge, as required by Pa.R.A.P. 1925(b)(3)(ii),(iii). *See* Trial Ct. Order, 11/16/21. Therefore, while we agree with the trial court's description of Virgo's statement, we nonetheless decline to find waiver because the trial court's order directing the statement was deficient. *See Berg*, 6 A.3d at 1011; *Mojica*, 224 A.3d at 815; *Matsinger*, 68 A.3d at 395; and *Jones*, 193 A.3d at 962-63.

Nevertheless, Virgo's appellate brief is severely lacking; therefore, we conclude that his failure to identify issues for our review or to meaningfully develop legal arguments therein is fatal to his appeal. Briefs filed with Pennsylvania appellate courts must "conform in all material respects" with the rules of appellate procedure.[13] *See* Pa.R.A.P. 2101. Briefs with substantial defects may lead to quashal or dismissal of an appeal. *Id.* While "this Court is generally inclined to construe *pro se* filings liberally," appellate rules "apply to lawyers and non-lawyers alike." *See Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425 (Pa. Cmwlth. 2012) (cleaned up). Therefore, "[w]here an appellate brief fails to provide any discussion

---

[12] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[13] Appellant briefs must consist of the following: a statement of jurisdiction; the order in question; statement of both the scope and standard of review; statement of questions involved; statement of the case; summary of argument; argument; a short conclusion; and have a copy of the challenged lower court opinion attached. *See* Pa.R.A.P. 2111. Further, an appellate brief's argument must have discussion, citations of authorities as deemed pertinent, references to the record, synopsis of evidence, and a statement addressing the preservation of issues below. *See* Pa.R.A.P. 2119.

5

of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); Pa.R.A.P. 2119(a). Further, it is not this Court's obligation to formulate arguments for an appellant. *See Johnson,* 985 A.2d at 924.

Here, Virgo's brief has substantial defects that inhibit appellate review. Virgo's brief appears to be an extended version of the "undecipherable correspondence" he filed with the trial court, providing additional but incoherent detail of Virgo's purported law enforcement experience. *See generally* Appellant's Br. Additionally, while labeled a "brief," Virgo's filing does not contain a single requisite section, nor does it present any argument with discussion or citation to any pertinent legal authority. *See id*. Therefore, we conclude that Virgo has waived all issues on appeal. *See Johnson*, 985 A.2d at 924; Pa.R.A.P. 2119(a).

Accordingly, we dismiss Virgo's appeal and affirm the trial court's order, which affirmed the denial of Virgo's application for a license to carry firearms.[14]

---

[14] Absent waiver, Virgo's challenge is meritless. A license to carry a firearm may be issued if there is no good cause to deny a license. *See* 18 Pa.C.S. § 6109(e)(1). Sheriffs have a statutory mandate to conduct a criminal background, juvenile delinquency, and mental health check for every applicant seeking a license to carry a firearm. *See* 18 Pa.C.S § 6109(d)(5). Here, the Sheriff denied Virgo's application because he failed the PICS investigation. *See* N.T. 10/8/21 at 14. Failing the PICS investigation is sufficient cause for denial of a license to carry firearms. *See* 18 Pa.C.S. § 6109(e)(1). Further, Virgo did not follow instructions to timely appeal the denial of his application. *See* Appeal from Denial of License to Carry Firearms, 7/20/21; N.T. 10/8/21 at 14.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | No. 770 C.D. 2022 |
| v. | : | |
| | : | |
| Virgillio Virgo, | : | |
| Appellant | : | |

**PER CURIAM**

## O R D E R

AND NOW, this 3rd day of November, 2025, the Court of Common Pleas of Lehigh County's Order entered October 15, 2021, is AFFIRMED.