**COMMONWEALTH of Pennsylvania**

v.

**Harold T. BECK and Eileen B. Smith Close, Appellants.**

Commonwealth Court of Pennsylvania.

Argued July 16, 1998.
Decided Aug. 7, 1998.

Gregory A. Henry, Bradford, for appellants.

Mary Benefield Seiverling, Harrisburg, for appellee.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

COLINS, President Judge.

Harold Beck and Eileen Smith Close (Smith)[1] appeal from orders of the Court of Common Pleas of McKean County denying their motions to dismiss criminal charges of violating Article XVI (Primary and Election Expenses) of the Pennsylvania Election Code (Election Code or Code)[2] filed against them by the Pennsylvania Office of the Attorney General.[3]

In their motions to dismiss, Beck and Smith asserted that criminal charges for violations of the Election Code's campaign finance provisions may be filed only in strict compliance with the audit procedures set forth in Section 1636 of the Code, 25 P.S. § 3256, which involves a petition by five electors requesting an audit. The trial court concluded that Section 3256 does not provide the exclusive method by which criminal prosecution may be brought for violations of the Election Code's campaign finance provisions. Because the trial court's order included a statement recommending immediate appeal, we granted permission to appeal the trial court's interlocutory order under 42 Pa.C.S. § 702(b).[4]

The single issue before us is whether Section 1636 of the Code provides the strict, precise, and exclusive method by which alleged violations of Article XVI of the Election Code may be remedied, such that a district attorney or the Attorney General's office is precluded from pursuing an independent criminal investigation and prosecution of campaign finance violations. In arguing that the issue has already been determined in their favor, Beck and Smith rely primarily on the Pennsylvania Supreme Court's opinion in *Brunwasser v. Fields*, 487 Pa. 283, 409 A.2d 352 (1979), and two earlier cases, *Lurie v. Republican Alliance*, 412 Pa. 61, 192 A.2d 367 (1963), and *In re Shapp*, 476 Pa. 480, 383 A.2d 201 (1978).

### The Audit Petition under Section 1636 of the Code

Section 1636(a) of the Code, 25 P.S. § 3256(a), provides

Within ninety (90) days after the last day for filing any report and affidavit required by this act, any five (5) electors of the Commonwealth or of the political subdivision may present a petition to the court of common pleas of the county in which is situated the office where such original report has been filed or with the Common-

---

1. Harold Beck was elected to the office of McKean County Commissioner in November 1995. Eileen Smith Close acted as his campaign treasurer.

2. Act of June 3, 1937, P.L. 1333, *as amended*, added by the Act of October 4, 1978, P.L. 893, 25 P.S. §§ 3241–3260b. Specifically, Beck and Smith were charged with violating Sections 1623, 1624, 1626, and 1627, which address various campaign financing issues related to financing through political committees and the filing of campaign financial reports.

3. In October 1995, the McKean County district attorney began investigating Beck for campaign finance violations. The Attorney General's office took over the investigation in January 1996 at the request of the county's newly elected district attorney, because Beck had opposed the new district attorney's election. As a result of that investigation, in May 1997 the Attorney General's office filed criminal charges of violating the campaign finance provisions of the Election Code against Beck and Smith.

4. 42 Pa.C.S. § 702(b) provides for an interlocutory appeal by permission when a trial court recommends immediate appeal where its order involves a controlling question of law with substantial ground for differences of opinion and where immediate appeal will materially advance the ultimate termination of the matter.

wealth Court in the case of original report filed with the Secretary of the Commonwealth for an audit of such report.

When such a petition is filed, the court has the report certified for audit. If the audit reveals that a candidate or any other person has violated the campaign finance provisions of the Code, the court certifies its decision to that effect for criminal prosecution. Section 1636(b) of the Code, 25 P.S. § 3256(b). On its face, Section 1636 of the Code does nothing more than establish a procedure by which electors may petition for an audit of campaign finance reports required by the Election Code. As applied by the courts, this section provides the exclusive method by which electors may challenge campaign financial reports and seek an audit.

The *Brunwasser, Lurie,* and *In re Shapp* decisions [5] were all rendered in the context of electors who, instead of petitioning for an audit in accordance with the statute, sought other remedies. In *Lurie* taxpayers and electors filed an equity action instead of pursuing the statutory remedy, and *In re Shapp,* the electors filed their audit petition beyond the statutory period and sought to compel a political committee to a file a supplemental report not required under the Code. Brunwasser sought to have a judicial candidate disqualified from holding office under Section 1851 of the Code, 25 P.S. § 3551.[6] Brunwasser invoked this Court's original jurisdiction to enjoin the Secretary of the Commonwealth from certifying election results, alleging that the winning judicial candidate had violated campaign finance laws.

In affirming our dismissal of Brunwasser's action, the Supreme Court reiterated its holdings in *Lurie* and *In re Shapp* that the statutory remedy "must be strictly pursued and such remedy is exclusive." *Brunwasser,* 487 Pa. at 290, 409 A.2d at 355 (quoting *In re Shapp,* 476 Pa. at 484, 383 A.2d at 203). As we stated above, the statutory remedy provided in Section 1636 of the Code applies only to electors; that section does not purport to provide the exclusive method by which prosecutorial authorities may initiate a criminal investigation and prosecution for violations of the Election Code.

**Prosecutorial Jurisdiction**

■ The last section of Article XVI of the Election Code, Section 1642, Enforcement, provides that the Attorney General and the district attorney of any county have concurrent "prosecutorial jurisdiction over all violations connected with any statement or report and the contents thereof which is to be filed with the Secretary of the Commonwealth." 25 P.S. § 3260b(a) and (c). District attorneys have prosecutorial jurisdiction over all other violations of the Code. 25 P.S. § 3260b(b). "Prosecutorial jurisdiction," when used without qualification, means the broad power to investigate violations of criminal statutes and to prosecute the offenders on behalf of the Commonwealth. This section of the Code was added to the Code in 1978, effective January 1, 1979.

Independent of the Election Code, prosecutors have the authority to investigate and prosecute criminal violations, and the Code provides for more than one method by which violations may be brought to the attention of prosecutorial authorities. Section 1639 of the Code, 25 P.S. § 3259, creates a duty in election supervisors to report violations of the Code to prosecutorial authorities. This section would be rendered superfluous if the audit procedure were the only method by which the reported violations could then be prosecuted. Furthermore, as noted by the trial court, an audit would be of little use in cases such this one where the prosecution is for failure to file required reports.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of August 1998, the order of the Court of Common Pleas of

---

5. All of these decisions were brought under the predecessor to the current Article XVI. Effective January 1, 1979, the legislature repealed all of Article XVI and added the current sections. In the current section, the audit procedure remains substantially unchanged for the purposes of this appeal.

6. This section provides that any candidate who is guilty of bribery, fraud, or willful violations of the Election Code shall be forever disqualified from holding the office sought, or any other office of trust or profit in the Commonwealth.

McKean County in the above-captioned matter is affirmed.