In Re: Campaign Expense Reports of Michele CORIGNANI

Appeal of: Tom Riel, Janel Roller, Gerald Cummins, Nicholas Cummins, and Melissa Smith, Appellants

In Re: Campaign Expense Reports of International Association of Firefighters Local 655 PAC Fund

Appeal of: Tom Riel, Janel Roller, Gerald Cummins, Nicholas Cummins, and Melissa Smith, Appellants

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.
Decided March 22, 2005.

Arthur D. Martinucci, Erie, for appellants.

Gregory, A. Henry, Bradford, for appellee, Michele Corignani.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Tom Riel, Janel Roller, Gerald Cummins, Nicholas Cummins and Melissa Smith (Petitioners) appeal from the April 28, 2004 order of the Court of Common Pleas of McKean County (trial court) denying their motion for reconsideration of the trial court's order dated April 2, 2004, which denied Petitioners' request to appoint an auditor for the campaign expense reports of Michele Corignani and the campaign expense reports of the International Association of Firefighters Local 655 PAC Fund (the PAC).[1] We affirm.

On March 2, 2004, Petitioners filed a petition seeking an audit of the campaign expense reports of Michele Corignani, a successful candidate for reelection as mayor of the city of Bradford, in the November 4, 2003 general election. The petition was filed pursuant to Section 1636 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, 25 P.S. § 3256. Section 1636 was added by the act of October 4, 1979, P.L. 893. Petitioners asked the court to order an audit of Corignani's 30 day post-election expense report, her 30 day post-primary expense report and her annual expense report.

Also on March 2, 2004, Petitioners filed a petition with the trial court seeking an audit of the campaign expenses of the PAC. The petition, filed pursuant to Section 1636 of the Code, sought an audit of the PAC's 30 day post-election expense report, its 30 day post-primary election report and its annual expense report.

On March 17, 2004, the trial court separately ordered the McKean County Board of Election to certify the campaign expense reports which had been filed by Corignani and the PAC.

On March 25, 2004 Corignani filed a motion to quash the petition for audit of her expense reports and a motion to vacate the March 17, 2004 order filed at No. 246 C.D. 2004. Also on that date, the PAC filed a motion to reconsider and suspend the trial court's order filed at No. 247 C.D. 2004. On March 31, 2004, both Corignani and the PAC filed preliminary objections to the petitions for audit.

On April 2, 2004 the trial court issued an order with respect to Nos. 246 and 247 C.D. 2004, denying the request to appoint an auditor and dismissing the petitions for audit of expense reports. The trial court stated:

We have been advised by the McKean County District Attorney that he has requested that the Attorney General of Pennsylvania assume jurisdiction of any criminal investigation and prosecution relating to expense reports filed in the Bradford City mayoral election. We have further been advised that by letter of March 26, 2004, the Office of Attorney General has notified the McKean County District Attorney that the Attorney General will assume jurisdiction and prosecution, if any.

(Trial court order of April 2, 2004, at p. 2.) The trial court went on to state that it declined to appoint an auditor because it concluded that it would be duplicative to require witnesses to testify both at an auditor's hearing and at any proceedings instituted by the Attorney General and because an audit hearing might unduly

---

1. An order denying reconsideration is not appealable. *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977). We do, therefore, note that this is actually an appeal from the trial court's order dated April 2, 2004, and the appeal of the April 28, 2004, order is an attempt to appeal an order denying reconsideration. As such, the appeal from the denial of reconsideration must be quashed.

complicate any subsequent investigation or prosecution by the Attorney General.

On April 16, 2004, Petitioners filed a motion for reconsideration. On April 28, 2004 the trial court issued an order denying reconsideration. The trial court reiterated its reasons for declining to appoint an auditor and for dismissing the audit petitions. The trial court stated that it would be entirely superfluous to have two investigations into the same conduct because, under the law, the outcome of each would ultimately depend upon the judgment of the Attorney General. Specifically, the purpose of Section 1636 is to provide a mechanism for electors to institute an investigation, as private citizens, into a candidate's expense and income reporting forms. "If any improprieties are uncovered, however, the only remedy provided in the statute is to direct the court to 'certify its decision to the appropriate prosecutorial office' and the officer shall 'institute criminal proceedings as he or she shall deem necessary.'" (Trial court order of April 28, 2004, at p. 2.) Here, because the Attorney General intends to investigate any alleged reporting irregularities with respect to Corignani and the PAC, there is no need for the private investigation provided for in the statute.

Petitioners appealed the trial court's April 2, 2004 and April 28, 2004 orders on May 3, 2004. However, the notices of appeal were not served on the trial court until May 14, 2994. On May 18, 2004 the trial court directed Petitioners to file their concise statement of matters complained of on appeal by June 1, 2004. The statement, however, was not filed until June 3, 2004. On June 11, 2004, the trial court issued an opinion referencing its earlier opinions at Nos. 246 and 247 C.D. 2004.

Thereafter, Corignani and the PAC filed motions to quash Petitioners' appeals with this court asserting that the appeals should be dismissed because Petitioners did not timely serve the notices of appeal on the trial court and because Petitioners did not timely file their concise statement of matters complained of on appeal.

On June 17, 2004, this court issued an order directing that the motions to quash the appeals be listed with the merits of the case. On October 29, 2004, this court issued an order consolidating the cases at Nos. 941 and 942 C.D. 2004.

On appeal, our review is limited to determining whether the trial court committed errors of law and whether the trial court's findings are supported by adequate evidence. *In re Audit of Campaign Expenses, Statements, Election Reports and Affidavits Required to be Filed with the Northampton County Election Bd.,* 747 A.2d 1262 (Pa.Cmwlth.2000), *petition for allowance of appeal denied,* 568 Pa. 667, 795 A.2d 979 (2000).

Initially, we will address the motion to quash filed by Corignani and the PAC. Corignani and the PAC initially argue that the appeal should be quashed because Petitioners did not timely serve the trial court with its notice of appeal and because Petitioners did not timely file their statement of matters complained of on appeal.

As to the notices of appeal, the PAC mailed them on April 30, 2004 and they were then filed on May 3, 2004. However, Petitioners did not serve notices of appeal to the trial court until May 14, 2004. Corignani and the PAC maintain that the Petitioners failed to properly perfect their appeal in accordance with Pa. R.A.P. 906(1)(2) which provides:

**Rule 906. Service of Notice of Appeal**

(a) General Rule. Concurrently with the filing of the notice of appeal ... the appellant shall serve copies thereof ... upon:

(2) The judge of the court below, whether or not the reasons for the order appealed from already appear of record;

Because Petitioners did not concurrently serve the trial court with its notice of appeal as required by the rules, Corignani and the PAC maintain that Petitioners failed to perfect their appeal and that this court should therefore quash the appeal.

■ Initially, we note that Petitioners timely filed their notice of appeal and Pa. R.A.P. 902 provides that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal. . . ." In *City of Philadelphia v. Silverman*, 91 Pa. Cmwlth. 451, 497 A.2d 689, 692 (1985), this court stated that "although proof of service is required to be filed concurrently with a notice of appeal by Pa. R.A.P. 906, failure to file such proof within a definite time period will not affect the validity of the appeal."

Here, because failure to serve the trial court is not detrimental to an appeal and because Petitioners ultimately served the trial court with its notice of appeal after being informed of the defect by this court, we decline to quash the appeal.

Next, Corignani and the PAC request this court to quash the appeal because Petitioners did not timely file their statement of matters complained of on appeal. Pa. R.A.P. 1925(b) provides that the trial court may enter an order directing an appellant to serve on the trial court a concise statement of matters complained of on appeal. Pa. R.A.P. 1925(b) further provides that "[a] failure to comply with such direction may be considered by the appellate court as a waiver of all objections . . . ." Here, the trial court ordered that the matters complained of on appeal be filed within 14 days from May 18, 2004. The statement was therefore due on June 1, 2004. The statement was not mailed, however until June 2, 2004 and it was not filed until June 3, 2004. Because the statement of matters complained of was not timely filed Corignani and the PAC request that this court deem the untimely filings as a waiver of all objections to the trial court's orders. In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Court stated that failure to file a 1925(b) statement as ordered by the trial court results in a waiver of all issues for purposes of appellate review. In *Commonwealth v. Hess*, 570 Pa. 610, 810 A.2d 1249 (2002), the Court explained that Pa. R.A.P. 1925 is intended to aid trial court judges in focusing on the issues that a party plans to raise on appeal. Therefore, a 1925(b) statement is crucial to the appellate process.

■ Here, Petitioners maintain that although the 1925 statement was filed late, the trial court was not prejudiced by the delay. Specifically, when the trial court issued its subsequent 1925 memorandum, it observed that Petitioners' 1925(b) statement was filed pursuant to the court's order, that no new issues had been raised and then referenced its earlier opinions. Although an appellant's failure to file a timely statement of matters complained of an appeal when directed to do so by the trial court, generally results in a waiver of all such issues, *Commonwealth v. Zingarelli*, 839 A.2d 1064 (Pa.Super.2003), *appeal denied*, 579 Pa. 692, 856 A.2d 834 (2004), where as here, "an untimely Concise Statement is addressed by the trial court in its opinion, the issues are preserved for appellate review, because the purpose of Pa. R.A.P. 1925(b) is served." *Id.* As such, we again decline to grant Corignani and the PAC's motion to dismiss.

We now address Petitioners' argument that the trial court erred in refusing its request for appointment of an auditor and

dismissing Petitioners' request for an audit of expense reports.

Initially, Petitioners point out that the "Election Code should be liberally construed to carry out the evident legislative intent that expense accounts of candidates for public office be subject to the closest scrutiny." *In re Audit of Campaign Expenses*, 747 A.2d at 1268. Although Section 1636 is the sole means by which electors can challenge campaign finance reports, it is not the sole method by which expense reports can be investigated. *Commonwealth v. Beck*, 715 A.2d 1239 (Pa. Cmwlth.1998), *petition for allowance of appeal denied*, 570 Pa. 701, 809 A.2d 906 (1999). Specifically, both the Attorney General and local district attorneys have concurrent prosecutorial jurisdiction over all violations connected with any statement or report filed with the Secretary of the Commonwealth. *Beck.*

Petitioners argue that the authority to initiate investigations of criminal conduct with respect to the Election Code given to the Attorney General and district attorneys both under the Election Code and in general, do not prevent others from pursuing available statutory remedies. There is nothing in the Code which prohibits electors from proceeding under Section 1636 while an ongoing investigation by the Attorney General is conducted. As such, Petitioners argue that the trial court erred in refusing to appoint an auditor.

■ Although we agree that there is nothing in the Code which prohibits electors from proceeding under Section 1636 while an ongoing investigation by the Attorney General is conducted, there is also nothing in the Code which guarantees electors the right to an appointment of an auditor. Specifically, as observed by the trial court, the language of Section 1636 is discretionary. Section 1636 states that the court "*may, in its discretion,* appoint an auditor to audit such report...." (Emphasis added.) As stated in *In re Audit of Campaign Expense Statements, Election Reports and Affidavits Required to be Filed with the Northampton County Election Board*, 162 Pa.Cmwlth. 430, 639 A.2d 875, 878 (1994), "section 1636(a) of the Election Code, 25 P.S. § 3256, clearly confers the trial court with discretion to appoint an auditor subject only to the proviso that the fees be reasonable."

Here, the trial court determined that inasmuch as the exclusive purpose of an audit pursuant to Section 1636 is to report apparent violations of the Election Code to the appropriate prosecutorial officer, in this case the Attorney General, and because the Attorney General is already investigating Corignani and the PAC, there is no need for the private investigation provided for in Section 1636.[2] Given that the Code confers discretion upon the trial court to determine the need for an auditor, we cannot conclude, nor do Petitioners argue, that the trial court abused its discretion in this case.

Because of our determination in this case, we need not address the issue raised by Corignani and the PAC as to whether a petition for audit requires the signature of five electors. Moreover, although Corignani and the PAC request this court to order Petitioners to reimburse Corignani and the PAC for the costs incurred in producing a reproduced record, we decline to do so. There were no hearings, arguments or depositions in this case. The only documents of significance were the

2. Specifically, Section 1636(b) provides:
(b) If the court shall decide upon the audit that any person ... has accepted contributions or incurred expense or has expended or disbursed money in contravention of this act

... it shall certify its decision to the appropriate prosecutorial officer and it shall thereupon be the duty of such officer to institute criminal proceedings as he or she shall deem necessary.

trial court's orders and opinions which Petitioners supplied.

In accordance with the above, we quash Petitioners appeal from the trial court's order denying reconsideration. Moreover, the motion to quash filed by Corignani and the PAC is denied and the decision of the trial court dated April 2, 2004, is affirmed.

### ORDER

Now, March 22, 2005, we quash the appeal from the trial court's order denying reconsideration. Further, the motion to quash filed by Corignani and the PAC is denied and the order of the trial court in the above-captioned matter, is affirmed.