IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ted M. Rohm, an individual,      :
                    Appellant     :
                              :    No.  67 C.D. 2021
          v.              :
                              :    Submitted:  January 28, 2022
Dutch Creek Estates Homeowners'  :
Association, Inc., a Pennsylvania    :
non-profit corporation; Elite        :
Management Services Group, Inc.,   :
a Pennsylvania corporation; Innovative :
Management by Bucci, LLC (d/b/a   :
Elite Management Services        :
Group, Inc.), an Ohio limited liability :
company and Pennsylvania registered  :
foreign limited liability company;    :
Paul S. Pieffer, an individual;      :
Onorato Bucci, an individual; Justin  :
Burgh, an individual; Vincent James  :
Sacco, an individual; John Barnes, an :
individual; and Nathan and Tracey   :
Young, husband and wife        :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: January 26, 2023

       This action involves claims brought by Appellant Ted M. Rohm (Rohm), *pro se*, against his homeowners' association, related management entities and individuals, and neighboring property owners.  Rohm appeals from four orders entered by the Butler County Court of Common Pleas (trial court) on January 24, 2020.  Those

orders (1) sustained the preliminary objections filed by Appellees Dutch Creek Estates Homeowners' Association, a Pennsylvania non-profit corporation (Dutch Creek HOA), Elite Management Services Group, Inc., a Pennsylvania corporation (Elite), Innovative Management by Bucci, LLC (d/b/a Elite Management Services Group, Inc.), an Ohio limited liability company and Pennsylvania registered foreign limited liability company (Innovative) (together, Management Appellees), and Paul S. Pieffer, an individual (Pieffer), Onorato Bucci, an individual (Bucci), Justin Burgh, an individual (Burgh), Vincent James Sacco, an individual (Sacco), and John Barnes, an individual (Barnes) (Individual Appellees) (Management Appellees and Individual Appellees with Dutch Creek HOA, the HOA Appellees), (2) dismissed Rohm's entire Amended Complaint with prejudice, (3) overruled and dismissed as moot Rohm's preliminary objections to the new matters filed by Appellees Nathan Young and Tracy Young (Youngs), and (4) granted, in part, the motion for sanctions filed by the HOA Appellees.

Rohm argues on appeal that the trial court erred and abused its discretion in several respects. Upon review, we affirm the trial court.[1]

## I.      BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from the allegations in Rohm's Amended Complaint and the filings of record.

Dutch Creek Estates ("Dutch Creek") is a planned community of residential, single-family detached houses located in Jackson Township, Butler

---

[1] The HOA Appellees filed their brief on October 11, 2021. The Youngs, proceeding *pro se,* initially did not file a brief on or before the due date of October 12, 2021. By order entered November 5, 2021, we directed the Youngs to file a brief within 14 days or be precluded from filing a brief and participating in argument. The Youngs thereafter filed a brief that did not comply with multiple Pennsylvania Rules of Appellate Procedure. By order entered November 24, 2021, we declined to accept the Youngs' brief and directed that they file a compliant brief by December 23, 2021. This Court has not received any further filings from the Youngs as of the date of this writing.

County, Pennsylvania.[2] (Amended Complaint (Am. Compl.) ¶ 11; Reproduced Record (R.R.) at 17a.) The Dutch Creek HOA and its members are governed by several governing documents, including Bylaws, a Declaration of Covenants, Conditions, Reservations and Restrictions, a Management Agreement, and a set of Rules and Regulations (Governing Documents). (Am. Compl. ¶ 13, Exs. A-D; R.R. at 17a, 116a-222a.) Rohm resides in Dutch Creek at 222 Millstream Lane, Zelienople, Pennsylvania (Rohm Property), and is a member of the Dutch Creek HOA. (Am. Compl. ¶¶ 1, 18, 92; R.R. at 15a, 18a, 33a.) The Youngs are Rohm's next-door neighbors, residing in Dutch Creek at 220 Millstream Lane. (Am. Compl. ¶ 19; R.R. at 18a.)

In June 2017, the Youngs proposed building a foundationless shed in their backyard. Rohm's wife, Susan Rohm, approved construction of the shed, and the Youngs thereafter submitted an Exterior Alteration Request to the Dutch Creek HOA board. (Am. Compl. ¶¶ 144-45; R.R. at 39a-40a.) However, at some point after obtaining Susan Rohm's approval, the Youngs changed several aspects of the shed plan before submitting it to the Dutch Creek HOA board. (Am. Compl. ¶¶ 145-47; R.R. at 40a.) After receiving approval by the board, the Youngs began construction of the shed by pouring a concrete slab approximately eight feet from the property line they share with the Rohm Property. Shed construction was complete by late September 2017. (Am. Compl. ¶¶ 148, 165-67; R.R. at 40a, 43a.)

Rohm contacted Nathan Young in late September or early October 2017 to discuss his dissatisfactions with the shed, but to no avail. Sometime prior to early October 2017, the Youngs made several additional alterations to their property, including exterior painting and the installation of exterior lighting. (Am. Compl. ¶¶ 174-77; R.R. at 44a.) Rohm filed a complaint with the Dutch Creek HOA which, after

---

[2] Dutch Creek is organized under the Pennsylvania Uniform Planned Community Act, 68 Pa. C.S. §§ 5101-5414 (UPCA).

3

meeting, advised the Youngs they would have to move the shed, remove the concrete slab, and re-apply for any desired modifications. The Dutch Creek HOA further advised that it would seek court action if necessary to enforce its directives. (Am. Compl. ¶¶ 178-81, 256-57, 261, 270, 274; R.R. at 53a-56a.) In June 2018, the Youngs moved the shed to a new foundation. The Dutch Creek HOA determined that the move placed the Youngs in compliance with the Governing Documents and informed Rohm that it was not aware of any other violations by the Youngs. Rohm disagreed and advised Dutch Creek HOA of what he believed were additional violations of the Governing Documents. (Am. Compl. ¶¶ 283-85, 287-88, 295, 298, 303; R.R. at 57a-59a.)

Rohm commenced this action on October 29, 2018, by filing a complaint against the HOA Appellees and other individuals.[3] (R.R. at 10a-11a.) After the filing of preliminary objections, Rohm filed an amended complaint on February 8, 2019, adding the Youngs as defendants (Amended Complaint). *Id.* at 8a, 12a-115a. In Count I of the Amended Complaint, Rohm asserts a claim for breach of contract against Dutch Creek HOA, the Management Appellees and the Youngs. In Counts II through V, Rohm asserts various tort claims against all HOA Appellees, including breach of fiduciary duty (Count II), gross negligence (Count III), fraud-intentional misrepresentation (Count IV), and fraud-negligent misrepresentation (Count V). In Count VI, Rohm asserts a claim for private nuisance against the Youngs. *Id.*

In addition to the alleged violations associated with the Youngs' property, Rohm also alleges in the Amended Complaint that the HOA Appellees have violated the Governing Documents in multiple other respects, including failing to maintain and provide certain financial and accounting statements and information, failing to conduct

---

[3] Certain individuals named as defendants in Rohm's original complaint were dismissed by stipulation and were not included in the Amended Complaint. (R.R. at 8a.)

4

inspections of properties, and failing to adhere to formalities in meetings. (Am. Compl. ¶¶ 93-360, generally; R.R. at 33a-66a.) Rohm alleges that the Youngs' and HOA Appellees' conduct has caused him physical pain, anxiety, and high blood pressure, has reduced the value of his residence, and has caused him the irreparable loss of time with friends and family because of the time expended in trying to bring the Youngs' property and the HOA Appellees in compliance with the Governing Documents. (Am. Compl. ¶¶ 378-79; R.R. at 69a.)

The HOA Appellees filed preliminary objections to the Amended Complaint on April 22, 2019. (R.R. at 239a.) The Youngs did not file preliminary objections, but rather each filed an answer with new matter. *Id.* at 223a, 231a. Rohm filed preliminary objections to the Youngs' new matters on April 22, 2019. *Id.* at 283a, 322a. After an unsuccessful attempt to mediate the case, both sets of preliminary objections were scheduled for argument on January 24, 2020. In the meantime, the HOA Appellees filed a motion for sanctions, which was argued together with the preliminary objections.[4] *Id.* at 497a.

On January 24, 2020, the trial court entered four orders disposing of both sets of preliminary objections and the motion for sanctions. The trial court (1) sustained all of the HOA Appellees' preliminary objections and dismissed the Amended Complaint in its entirety, (2) overruled Rohm's preliminary objections to the Youngs' new matters, and (3) granted, in part, the HOA Appellees' motion for sanctions. (*Id.* at 587a, 592a, 595a, 598a.)

---

[4] Rohm filed a Motion for Emergency Preliminary Injunction on November 13, 2019. After on-the-record argument, the trial court denied the motion on November 19, 2019.

Rohm filed a notice of appeal (Notice of Appeal)[5] on February 7, 2020, but did not serve it on the trial court. The trial court nevertheless obtained a copy of the Notice of Appeal and issued a Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1925(b) Order on February 20, 2020, directing Rohm to file a Concise Statement of Errors Complained of on Appeal (Concise Statement) within 21 days. Rohm timely filed his Concise Statement on March 10, 2020, but, as alleged by the trial court, did not serve it directly on the trial judge. The trial court nevertheless obtained a copy of the Concise Statement and issued its Pa. R.A.P. 1925(a) opinion (Trial Ct. Op.) on April 9, 2020.

## II.  DISCUSSION

Before addressing any of the issues Rohm raises on appeal, we first must consider whether any of them properly are before us. The trial court indicates *sua sponte* that Rohm did not serve either his Notice of Appeal or Concise Statement on the trial judge. (Trial Ct. Op. at 1-2; R.R. at 606a-07a.) Because of these alleged service failures, the trial court and the HOA Appellees ask this Court to conclude that all of Rohm's issues on appeal are waived.

### A.  **Notice of Appeal**

Pa. R.A.P. 906 governs service of a notice of appeal and provides, in pertinent part, as follows:

> **A. General Rule.** Concurrently with the filing of the notice of appeal under Pa.R.A.P. 905, the appellant shall serve copies thereof, and of any request for transcript, and copies of a proof of service showing compliance with this rule, upon:

---

[5] Rohm's appeal initially was docketed in the Superior Court at No. 321 WDA 2020. On December 21, 2020, the Superior Court transferred the appeal to this Court based on our exclusive appellate jurisdiction over appeals involving the corporate affairs of not-for-profit corporations. *See* 42 Pa. C.S. § 762(a)(5). (Superior Court Judgment Order, December 21, 2020, at 2-3.)

6

. . . .

> (2) The judge of the court below, whether or not the reasons for the order appealed from already appear of record;

. . . .

Pa. R.A.P. 906(a)(2). The trial court indicates that it was not served with Rohm's Notice of Appeal, but rather received it "via other means" 13 days after filing. (Trial Ct. Op. at 2; R.R. at 607a.) The certificate of service attached to the Notice of Appeal indicates that Rohm served it on the HOA Appellees and the Youngs, but not the trial court. (Original Record (O.R.) Document (Doc.) No. 71.)[6] Nevertheless, although Pa. R.A.P. 906(a)(2) requires that an appellant serve the notice of appeal on the trial court, the failure to serve the notice is not a fatal defect. *See Fayette Resources, Inc. v. Fayette County Board of Assessment Appeals*, 107 A.3d 839, 844 n.2 (Pa. Cmwlth. 2014) (citing Pa. R.A.P. 902 and *In re Corignani*, 873 A.2d 790, 793 (Pa. Cmwlth. 2005)). Because the trial court ultimately received Rohm's Notice of Appeal and ordered the filing of a Concise Statement, we will not find waiver on this ground.

### B. Concise Statement

The trial court and the HOA Appellees also contend that Rohm's issues on appeal are waived because he failed to timely serve the trial court with his Concise Statement. Pa. R.A.P. 1925(b) provides, in pertinent part, as follows:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

---

[6] Rohm's Notice of Appeal is not included in the Reproduced Record. It is included in the Original Record as Document No. 71.

7

(1) *Filing and service.* The appellant shall file of record the Statement and concurrently **s**hall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

. . . .

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

. . . .

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa. R.A.P. 1925(b). Regarding an appellant's failure to serve a concise statement on the trial court,

this Court, in *Egan v. Stroudsburg School District*, 928 A.2d 400 (Pa. Cmwlth. 2007), specifically concluded, at the request of the court of common pleas, that an appellant had waived all issues

8

on appeal as a result of the appellant's failure to serve a copy of her Rule 1925(b) Statement on the trial court judge even though a Rule 1925(b) Statement had been filed of record with the trial court. . . .

[Pennsylvania] cases demonstrate the Supreme Court's commitment to a bright-line rule of waiver for failure to comply with the requirements of Rule 1925. Applying that guidance, this Court previously concluded that failure to serve a 1925(b) Statement on the trial court judge constitutes a fatal defect which shall result in the issues being waived . . . . Such a determination is consistent with the prior language of Rule 1925 and the amended Rule 1925, the latter of which requires appellants "to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b)[.] . . . Furthermore, the language of the amended Rule 1925 reveals that failure to comply with the filing or service requirements continues to result in waiver given that the trial court judge's order must inform appellants that "any issue not properly included in the Rule 1925(b) Statement timely filed and served" shall be deemed waived. Pa.R.A.P. 1925(b)[.] . . .

*Mojica v. SCI-Mahanoy Security*, 224 A.3d 811, 813 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 915-16 (Pa. Cmwlth. 2008) (internal emphasis and stylizations omitted)). For this waiver rule to apply, however, the trial court's order directing the filing of a concise statement must comply fully with all requirements of Rule 1925(b)(3). *See Berg v. Nationwide Mutual Insurance Company*, 6 A.3d 1002, 1008, 1010 (Pa. 2010); *Mojica*, 224 A.3d at 813-14; *Commonwealth v. Matsinger*, 68 A.3d 390, 395 (Pa. Cmwlth. 2013). Where a trial court's order does not comply with the requirements of Rule 1925(b)(3), we will not find waiver where the appellant has "substantially" complied with a trial court's service directives. *See, e.g.*, *Matsinger.*

Here, the trial court's February 20, 2020 order directed Rohm to "file of record in the lower court and serve on the trial judge" a concise statement within 21 days (or by March 12, 2020), and further advised that "[a]ny issue not properly

9

included in the [s]tatement timely filed and served shall be deemed waived." (Order, O.R. Doc. No. 73.)[7] The order expressly required that service be accomplished on the trial court at the following address:

> The Honorable S. Michael Yeager
> Court of Common Pleas
> Butler County Government and Judicial Center
> 124 West Diamond Street
> Butler, Pennsylvania 16001

*Id.* Rohm filed his Concise Statement on March 10, 2020. The certificate of service attached to the Statement indicates that the trial court was served by regular mail at the above address the same day Rohm filed the Statement with the Prothonotary.[8] The trial court denies having ever received the Concise Statement directly, but nevertheless obtained a copy and issued its Opinion addressing the issues raised therein.

Rohm argues that (1) he never received the trial court's concise statement order and had to obtain a copy personally from the Prothonotary, (2) he asked the Prothonotary if that office could provide a copy of the Statement to the trial court, and (3) he substantially complied with the service directives in the trial court's order. (Appellant's Brief at 15-17; Appellant's Reply Brief at 2-4.)

Given the trial court's compliance with subsection 1925(b)(3), the waiver rule in subsection (b)(4) applies here, and "substantial" compliance will not suffice. Although Rohm argues that he never received the trial court's concise statement order, the trial court docket indicates that the Prothonotary served Rohm by mail. No returned

---

[7] The trial court's February 20, 2020 order is not included in the Reproduced Record. It is included in the Original Record at Document No. 73.

[8] The Concise Statement in the Reproduced Record is an unsigned and unstamped copy, and the Prothonotary's docket entries after March 6, 2020, are not included. The original, filed Concise Statement is signed by Rohm and dated March 10, 2020. (O.R. Doc. No. 77.)

mail appears in the docket, and Rohm in any event timely filed his Concise Statement with the Prothonotary. *Compare Schlag v. Department of Transportation*, *Bureau of Driver Licensing*, 963 A.2d 598, 602 (Pa. Cmwlth. 2009) (where no notation on the trial court docket indicates that appellant was served with a copy of the trial court's Rule 1925(b) order, appellant's failure to file a timely concise statement will not result in waiver).

Further, although Rohm argues that the Prothonotary told him that she could accept service for the trial court, nothing in Rule 1925(b) or our caselaw authorizes the Prothonotary to do so. Nor is there in the Prothonotary's docket or anywhere else in the record any mention of communications between Rohm and that office. Instead, the only evidence of service on the trial court is Rohm's certificate of service. The trial court nevertheless denies having ever been served with the Statement, and Rohm does not argue in this Court that he in fact accomplished service by mail.[9] Given the lack of evidence of mailing and Rohm's consistent assertions throughout his briefing that he served the Prothonotary and relied on that office to forward the Concise Statement to the trial court, we conclude that Rohm has not established compliance with the service requirements of Rule 1925(b) and the trial court's order. Accordingly, we must conclude that all issues raised in Rohm's appeal are waived.[10]

_____

[9] We also note that Rohm has not included in the record any United States Postal Service form certifying that the Concise Statement was in fact deposited for mailing on March 10, 2020, the same day Rohm filed the Concise Statement with the Prothonotary. *See* Pa. R.A.P. 1925(b)(1), Note.

[10] Rohm's argument that he substantially complied with the trial court's order by serving the Prothonotary at the address indicated in the order is unavailing. In many, if not most, cases, the Prothonotary's office and the trial judge's chambers will be in the same building at the same address. An appellant may not serve any office in the courthouse and claim that he has served the trial court. Additionally, although Rohm argues that he otherwise "substantially complied" with the trial court's concise statement order, we have declined to find waiver based on substantial compliance only where **(Footnote continued on next page…)**

11

### III. CONCLUSION

Because we conclude that all issues on appeal are waived, we affirm the trial court.[11]

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas concurs in the result only.

---

the trial court's concise statement order is defective in some way. *See, e.g.*, *Mojica*; *Matsinger*. And, the fact that the trial court nevertheless obtains a copy of the concise statement and addresses the issues raised by the appellant does not preclude this Court from finding waiver. *See Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018) ("Waiver is not cured by the trial court's filing of a Rule 1925(a) opinion addressing the merits of the appeal.").

[11] When issues are waived on appeal because an appellant failed to preserve them in the trial court, we should affirm rather than quash the appeal; quashing is appropriate where we lack jurisdiction. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ted M. Rohm, an individual,       :
              Appellant   :
                         :   No. 67 C.D. 2021
          v.          :
                         :

Dutch Creek Estates Homeowners'  :
Association, Inc., a Pennsylvania   :
non-profit corporation; Elite       :
Management Services Group, Inc.,  :
a Pennsylvania corporation; Innovative :
Management by Bucci, LLC (d/b/a  :
Elite Management Services      :
Group, Inc.), an Ohio limited liability :
Company and Pennsylvania registered :
foreign limited liability company;  :
Paul S. Pieffer, an individual;    :
Onorato Bucci, an individual; Justin :
Burgh, an individual; Vincent James :
Sacco, an individual; John Barnes, an :
individual; and Nathan and Tracey  :
Young, husband and wife      :

## ***ORDER***

AND NOW, this 26th day of January, 2023, the orders of the Butler County Court of Common Pleas entered January 24, 2020, hereby are AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge