IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sanela Cecunjanin and :
Kadri Kelmendi, :
:
Appellants :
:
v. : No. 1536 C.D. 2023
: Argued: April 8, 2025
Schuylkill County Tax :
Claim Bureau :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  May 6, 2025


        Sanela Cecunjanin and Kadri Kelmendi (collectively, Owners) appeal from an order of the Court of Common Pleas of Schuylkill County (trial court) denying their objections to the sale of their property located at 318 East Mahanoy Avenue, Mahanoy City, Pennsylvania (Property), at the Schuylkill County Tax Claim Bureau's (Bureau) September 18, 2023 upset tax sale held pursuant to the Real Estate Tax Sale Law (RETSL).[1]  Because Owners failed to file a timely Pennsylvania Rule of Appellate Procedure (Pa.R.A.P. or Rule) 1925(b) statement in the trial court, we are constrained to conclude that Owners have waived all issues on appeal and we must affirm the trial court.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

Briefly, Owners' Property was sold at an upset tax sale held by the Bureau on September 18, 2023, for $15,223.00, due to their delinquent taxes for the 2021 tax year. Owners filed timely objections thereto on October 6, 2023, arguing that the Bureau failed to comply with RETSL's notice requirements and that the Bureau did not provide Owners with a sufficient opportunity to cure prior to the sale. Trial Court's Op., 4/12/23, at 1.

The trial court held a hearing on Owners' objections on October 30, 2023. Regarding its notice of Entry of Claim, as required under Section 308 of RETSL, 72 P.S. §5860.308, the Bureau offered: (1) a notice of Entry of Claim sent by regular certified mail that was delivered to both owners on April 19, 2022, at their address in the Bronx, New York City, but for which no green card was returned; and (2) a second Entry of Claim sent by regular certified mail, which was returned completely blank, although its United States Postal Service tracking information indicated it was delivered to an individual at the address listed in the Bronx, New York City, on April 15, 2023.

As for its Notice of Sale requirements under Section 602 of RETSL, 72 P.S. §5860.602, the Bureau provided: (1) a notice of upset tax sale sent to Owners on May 19, 2023, similarly for which no green card was returned, although the tracking information indicated it was delivered on June 2, 2023; (2) a 10-day notice of upset tax sale sent by First-Class Mail on August 10, 2023, which was also not returned; (3) evidence of notice via posting at the Property on August 16, 2023; and finally, (4) timely proof of publication in the Republican-Herald, the Schuylkill County Legal Record, and the South Schuylkill News. *See* Trial Court's Op., 12/4/23, at 2-3.

2

The Bureau also presented the testimony of its Interim Assistant Director, Deborah Dasch. Dasch testified, in pertinent part, that the Bureau enacted a policy of requiring payment before the close of business on the Friday before the Monday morning upset sale because allowing delinquent taxpayers to pay right up until the time of the sale resulted in chaotic court proceedings. Trial Court's Hearing, 10/20/23, Notes of Testimony (N.T.), at 8-9. Dasch also testified that online payments, which are managed by a third-party vendor hired by the Treasurer's office, are not accepted over the weekend. *Id*., N.T., at 20.

In an opinion and order dated December 4, 2023, the trial court denied Owners' objections to the tax sale, reasoning that the Bureau strictly complied with all of RETSL's notice requirements. Trial Court's Op., 12/4/23, at 3-4. In pertinent part, however, the trial court disagreed with Owners that *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038 (Pa. Cmwlth. 2018), controlled this matter. Trial Court's Op., 12/4/23, at 4. More specifically, the trial court found that Owners misread *Jenkins* to announce that RETSL required the Owners' opportunity to pay their delinquent taxes to run up to the moment of the tax sale itself. Rather, the trial court understood *Jenkins* to require an upset tax sale to be set aside when, prior to the commencement of the sale, the owner tenders sufficient payment under Section 603 of RETSL, 72 P.S. §5860.603, such that the Bureau should have removed the Property from sale and offered an installment agreement to Owners. Trial Court's Op., 12/4/23, at 4-5. Because Owners in the present matter made no effort to pay their delinquent taxes whatsoever, nor did they indicate that they were able to make payment, the trial court found *Jenkins* inapplicable. *Id*.

Owners filed a Notice of Appeal on December 22, 2023. Subsequently, on January 2, 2024, the trial court issued an order requiring Owners to file a concise

statement of errors complained of on appeal under Pa.R.A.P. 1925(b) within 20 days of its order. *See* Original Record (O.R.) at Item No. 7. The order likewise cautioned: "Any issue not properly included in the Statement timely filed and served . . . shall be deemed waived." *Id.* Owners failed to file a timely statement. As a result, on January 30, 2024, the trial court entered an order explaining the same but stating that its December 4, 2023 opinion would be able to address any issues raised by Owners on appeal. *Id.* at Item No. 8. Although Owners filed an untimely Rule 1925(b) statement on January 31, 2024, the trial court once again expressed that its December 4, 2023 opinion could nevertheless address the issues raised therein and certified the record for our review. *Id.* at Item No. S1.

Before this Court,[2] Owners assert that the Bureau failed to provide them with proper notice of the sale, such that the sale must be set aside. Owners further contend that the Bureau unlawfully minimized their opportunity to repay their delinquent taxes by requiring payment at the close of business on Friday, September 13, 2023. However, whether these claims are meritorious or not, we may not reach them in the instant appeal.

Unfortunately, albeit ironically, while Owners rely on *Jenkins* for its discussion of RETSL's opportunity to pay delinquent taxes prior to the upset tax sale, that discussion was merely *dicta*. In fact, this Court resolved that case by finding that the intervening purchaser had waived all issues on appeal by failing to comply with the Court of Common Pleas of Fayette County's order to file a timely Rule 1925(b) statement. *Jenkins*, 176 A.3d at 1041-42 ("Waiver is not cured by the

---

[2] "Our review in tax sale cases is 'limited to determining whether the trial court abused its discretion, clearly erred as a matter of law[,] or rendered a decision with a lack of supporting evidence.'" *In re Consolidated Reports and Return by Tax Claims Bureau of Northumberland County of Properties*, 132 A.3d 637, 643 n.12 (Pa. Cmwlth. 2016).

4

trial court's filing of a Rule 1925(a) opinion addressing the merits of the issues on appeal."). Our discussion on the merits was purely for the purpose of explaining why the intervening purchaser would not have been entitled to relief anyway. *Id*. at 1043.

Indeed, Rule 1925(b)(1) provides in part:

> **(b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> > (1) *Filing and Service.* The appellant **shall** file of record the Statement and concurrently **shall** serve the judge . . . .

Pa.R.A.P. 1925(b)(1) (emphasis added). As we recognized in *Jenkins*, 176 A.3d at 1041-42, while Pennsylvania's intermediate appellate courts had, at one point, developed their own exceptions to this rule, *e.g.*, where the court of common pleas issued a Rule 1925(a) opinion addressing the errors complained of despite the untimely filing, *see also In re Corignani*, 873 A.2d 790 (Pa. Cmwlth. 2005), our Supreme Court has disapproved of these exceptions.

In *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), the Supreme Court held: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file [a Pa.R.A.P. 1925(b) statement]." Therefore, when an untimely Rule 1925(b) statement is filed, the issues raised therein are *automatically* waived, that is, whether raised by the opposing party or not. *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002) (holding that the Superior Court did not err in finding Rule 1925(b) issue waiver *sua sponte*).

5

Thereafter, in *Commonwealth v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005), the Supreme Court reaffirmed its bright-line rule but acknowledged that "the resulting waiver may appear harsh . . ." where "the degree of untimeliness" may not appear to frustrate either the trial court's or the appellate court's review. However, the High Court explained that this "harsh" result mitigates the risk of producing disparate outcomes. For example, where one common pleas court may quickly draft a Rule 1925(a) opinion upon receiving an untimely statement, another common pleas court might promptly draft an opinion "correctly" observing that the appellant's failure to file a timely Rule 1925(b) statement triggered waiver. *Id*. at 779. Because any such exception predicated on "the degree of untimeliness," or presumably some similar cure to the untimely filing, would produce disparate outcomes for similarly situated appellants, the Supreme Court declined to sanction any exception to this rule. In further defense, the Court explained that "the *Lord/Butler* rule remains necessary to ensure trial judges in each appealed case the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records [amenable] to meaningful appellate review." *Id*. at 779. Thus, in no uncertain terms, the Court stated, "we specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived." *Id*. at 780.

Finally, although it may be undesirable given the nature of these disputes, we have twice applied this rule in the context of upset tax sales; first, in *In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015), and again in *Jenkins*.

6

Here, the trial court entered its Rule 1925(a) order on January 2, 2024, and gave Owners 20 days to file their Rule 1925(b) statement. Owners did not do so until January 31, 2024, 29 days after the entry of the order (and only after the trial court's January 30, 2024 order explaining that Owners failed to file a timely statement). Thus, Owners' Rule 1925(b) statement was untimely, and Owners have waived all issues on appeal.[3] As we noted in *Jenkins*, 176 A.3d at 1042, the trial court's issuance of an order assuring this Court that its original opinion may nevertheless be able to address any issues raised by Owners on appeal cannot now serve to cure Owners' untimely filing, nor would our Supreme Court's holdings in *Lord*, 719 A.2d at 309; *Butler*, 812 A.2d at 634; and *Castillo*, 888 A.2d at 779-80; permit as much.

Accordingly, the trial court's order is AFFIRMED.

---

MICHAEL H. WOJCIK, Judge

---

[3] Although Rule 1925(b)(2)(i) requires judges to "allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [s]tatement," and, here, the trial court ordered Owners to file their statement in 20 days, this error – whether a misunderstanding of the Rule or a simple typographical error – does not nullify the entire order. Rather, the Rule would simply operate to render any filing on the 21st day – in this case, January 23, 2024 – as timely. Again, however, Owners did not file their Rule 1925(b) statement until 29 days after the filing and only upon the trial court's order that it did not receive a timely statement.

However, for future reference, we do feel compelled to remind the trial court that Pa.R.A.P. 1925(b)(2)(i) requires that appellants must be afforded *at least* 21 days to file their Rule 1925(b) statement.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sanela Cecunjanin and : 
Kadri Kelmendi, : 
 : 
              Appellants : 
 : 
         v. : No. 1536 C.D. 2023
 : 
Schuylkill County Tax : 
Claim Bureau : 

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>May</u>, 2025, the Order of the Court of Common Pleas of Schuylkill County dated December 4, 2023, is **AFFIRMED**.

 

_____
MICHAEL H. WOJCIK, Judge