# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Prater, :
               Appellant :
                :   No. 895 C.D. 2024
            v. :
                :   Submitted: October 9, 2025
Erie County District Attorney :

***OPINION NOT REPORTED***

**MEMORANDUM OPINION**
**PER CURIAM**                            **FILED: November 20, 2025**

      Wayne Prater (Prater) appeals *pro se* from the order entered by the Court of Common Pleas of Erie County (trial court) on May 15, 2024, which dismissed Prater's private criminal complaints as frivolous and denied his related petition for *in forma pauperis* (IFP) as moot. After careful review, we decline to find waiver for failure to timely file a concise statement of errors complained of on appeal pursuant to the Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)),[1] because the trial court's order directing compliance with Rule 1925(b) was deficient. However, we nonetheless affirm, as Prater's issues are moot or otherwise waived.

---

[1] *See* Pa.R.A.P. 1925(b).

# I. BACKGROUND[2]

Prater is a state inmate incarcerated at State Correctional Institution at Albion (SCI-Albion). On April 25, 2024,[3] Prater filed a complaint petition for writ of mandamus, seeking to "hold[] violator[s] accountable for their unconstitutional actions and crimes." *See* Mandamus Pet., 4/25/24, at 2. According to Prater, he had filed two different private criminal complaints against numerous correctional officers, but never received a response. *See id.* at 1. Prater also requested IFP status.

However, by letters dated March 21, 2024, and April 17, 2024, the Erie County District Attorney (DA) acknowledged receipt of the complaints and notified Prater that the complaints were disapproved for lack of prosecutorial merit. *See* Erie Cnty. DA's Off. letter, 3/21/24; Erie Cnty. DA's Off. letter, 4/17/24. Thus, the trial court dismissed the mandamus petition as frivolous and denied IFP status as moot under Pa.R.Civ.P. 240(j)(1).[4] *See* Trial Ct. Order, 5/15/24 (further directing that copies of the DA's letters be attached and sent to Prater).

---

[2] Unless stated otherwise, we adopt the factual background from the trial court's Pa.R.A.P. 1925(a) Opinion. *See* Trial Ct. Op., 9/23/24.

[3] Although the trial court received his mandamus petition on April 29, 2024, the postmark date of April 25, 2024, is controlling. *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014); *Com. v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 281-82 (Pa. 1996) (a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox, regardless of the date the filing reaches the court).

[4] The rule provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1).

On May 23, 2024, Prater appealed to the Superior Court, which transferred the appeal to this Court. Then, on July 29, 2024, the trial court ordered Prater to file a Rule 1925(b) statement within 21 days. However, Prater's Rule 1925(b) statement was not mailed until September 18, 2024.

## II. ISSUES

Essentially, Prater presents one issue for our consideration.[5] Prater asserts that the DA's office acted illegally and violated his rights when it did not respond or provide him with copies of its decisions disapproving his two private criminal complaints. *See* Prater's Br. at 8-9.

## III. DISCUSSION[6]

Before addressing the substantive issue raised by Prater, we must consider the trial court's assertion that Prater has untimely filed a Rule 1925(b) statement. Trial court orders directing the filing and service of a concise statement of errors must (1) specify the number of days within which the statement must be served and filed; (2) instruct that the statement be filed of record and served on the issuing judge; (3) provide a mailing address, email address, facsimile, or alternative means for serving the statement on the judge; and (4) inform appellants that any

---

[5] In his Rule 1925(b) statement and brief, Prater raises ten issues on appeal to this Court. *See* Prater's Rule 1925(b) Statement, 9/18/24, at 2-4; Prater's Br. at 2-3. Nine of these issues involve new claims that were not pleaded in his mandamus petition before the trial court, so those issues are waived. *See* Pa.R.A.P. 302(a).

[6] Our review "is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mojica v. SCI-Mahanoy Security*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Litchtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

issues not included in the statement shall be deemed waived. *See* Pa.R.A.P. 1925(b)(3).[7]

Our Supreme Court has emphasized the importance of trial courts' adherence to the requirements set forth in Pa.R.A.P. 1925(b)(3) when drafting orders that direct an appellant to file a Rule 1925(b) statement. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1012 (Pa. 2010) (concluding that compliance by all participants, including the trial court, is required if the rule is to serve its purpose). When a trial court's order fails to comply with Rule 1925(b)(3), the waiver provisions of Pa.R.A.P. 1925(b)(4)(vii) do not apply. *Id.* at 1011; *see, e.g.*, *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 815 (Pa. Cmwlth. 2020) (declining to quash an appeal when a trial court's order was inconsistent with the requirements of Rule 1925(b)(3)(iv)); *Commonwealth v. Matsinger*, 68 A.3d 390, 395 (Pa. Cmwlth. 2013) (holding that "the trial court's failure to comply with 1925(b)(3)(iii) deprived [appellant] of critical information regarding the proper method for filing and service of his 1925(b) Statement."); *Commonwealth v. Jones,* 193 A.3d 957, 962-63 (Pa.

---

[7] Pa.R.A.P. 1925(b)(3) requires that trial court orders directing the filing and service of a statement must specify all of the following:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> (ii) that the Statement shall be filed of record;
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

4

Super. 2018) (declining to quash an appeal because the trial court's order violated Rule 1925(b)(3) "in several ways.").[8]

Here, the postmark date containing Prater's Rule 1925(b) statement was September 18, 2024, which is outside the 21 days to timely file a Rule 1925(b) statement from July 29, 2024. *See* Prater's Rule 1925(b) Statement at 8. However, the trial court's Rule 1925(b) order did not indicate that the concise statement of errors be served on the *issuing judge*, and neither provided the place Prater could serve the Rule 1925(b) statement in person nor the address to which Prater could mail the statement, as required by Pa.R.A.P. 1925(b)(3)(iii). *See* Trial Ct. Order, 7/29/24. Therefore, while we agree with the trial court that Prater's Rule 1925(b) statement was untimely filed, we nonetheless decline to find waiver because the trial court's order directing the statement was deficient. *See Berg*, 6 A.3d at 1011; *Mojica*, 224 A.3d at 815; *Matsinger*, 68 A.3d at 295; *Jones*, 193 A.3d at 962-63.

Nevertheless, Prater's issue is moot. The "prudential approach in Pennsylvania remains that courts do not review moot questions . . . ." *Chester Water Auth. v. Pa. Dep't Cmty. & Econ. Dev.*, 249 A.3d 1106, 1115 (Pa. 2021). There must be an actual case or controversy at all stages of the judicial process, or the case will be dismissed as moot.[9] *Gray v. Phila. Dist. Att'y's Off.*, 311 A.3d 1230, 1236 (Pa. Cmwlth. 2024) (citing *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009)).

---

[8] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[9] "An exception to mootness will be found (1) where the conduct complained of is capable of repetition yet likely to evade judicial review, (2) where the case involves issues of great public importance, or (3) where one party will suffer a detriment without the court's decision." *California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) (cleaned up). Neither party argues an exception to the mootness doctrine, and none are relevant here.

The question of mootness is a pure question of law, subject to our *de novo* review. *Id.* (citing *Commonwealth v. Dixon*, 907 A.2d 468, 472 (Pa. 2006)).

Prater's mandamus petition ultimately complains that Prater had not received a response from the DA's office on his private criminal complaints. *See* Mandamus Pet. Assuming *arguendo* that Prater's unsupported assertion is true, the trial court attached the two responsive letters from the DA's office to its May 15, 2024 order dismissing Prater's petition. *See* Trial Ct. Order, 5/15/24, at 2-3. Consequently, no genuine controversy exists as to this issue. *See Gray*, 311 A.3d at 1236.

To the extent that Prater contends that the DA's office acted illegally in some capacity when it disapproved his private criminal complaints, this is a matter outside the scope of mandamus. *See Seeton v. Adams*, 50 A.3d 268, 272, 277 (Pa. 2012) (a discretionary action, such as a DA's decision to bring charges in any given case, cannot be compelled by mandamus). Mandamus "is not used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken." *See id.* at 277 (quoting *Pa. Dental Ass'n. v. Insurance Dep't*, 516 A.2d 647, 652 (Pa. 1986)). Therefore, Prater is unable to use mandamus as a vehicle to challenge the DA's disapproval or otherwise compel the DA to approve his private criminal complaints. *Id.* Additionally, as the trial court points out, this contention was not raised before the trial court, so the issue is not properly raised and, thus, is waived. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 506(B)(2) ("[i]f the attorney for the Commonwealth disapproves the complaint . . . the affiant may petition the court of common pleas for review of the decision.").

Because we discern no reversible error, we affirm.

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Wayne Prater,                                      :
            Appellant                  :
                                    :   No. 895 C.D. 2024
             v.                           :
                                      :
Erie County District Attorney      :

**PER CURIAM**

**O R D E R**

AND NOW, this 20th day of November, 2025, the order entered by the Court of Common Pleas of Erie County on May 15, 2024, is AFFIRMED.